IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation<br><br>       Plaintiff,<br><br>       v.<br><br>ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation<br><br>       Defendant, | Civil Action No. 04-197(E)<br><br>JURY TRIAL DEMANDED<br><br>Judge Cohill |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL DEPOSITIONS**

**I.   PRELIMINARY STATEMENT**

Pursuant to the current Scheduling Order governing this action, the discovery deadline expires in a month on September 5, 2005. Ignoring both the looming deadline and prevailing case law, plaintiff Haynes International, Inc. ("Plaintiff") has refused to produce its key corporate employees for depositions scheduled by Defendant Electralloy ("Electralloy") to take place in the district. Instead, Plaintiff has insisted that the depositions take place in Kokomo, Indiana, Plaintiff's principal place of business. Electralloy now moves for an order compelling the depositions and awarding Electralloy its reasonable attorneys' fees and costs incurred in bringing this motion.

**II.   PERTINENT FACTS**

Plaintiff filed this civil action in the United States District Court for the Western District of Pennsylvania. On June 13, 2005, the Court entered an Amended Case Management Order establishing a discovery deadline of September 5, 2005. See Exhibit "A".

In addition to a Notice of Deposition issued pursuant to Fed. R. Civ. P. 30(b)(6), Electralloy had issued notices to take the depositions of the following Plaintiff's employees: Paul

Manning, Lee Flowers, and James Laird. See Notices of Deposition dated February 15, 2005 attached hereto as Exhibit "B." The individuals noticed for deposition have been identified in Plaintiff's initial disclosure statement as persons with discoverable information pertaining to the facts and issues in suit. See Plaintiff's Initial Disclosures attached hereto as Exhibit "C". After several months in which the parties attempted to arrange deposition schedules, Plaintiff's counsel confirmed by email that Paul Manning would be produced for deposition in Pittsburgh as Plaintiff's corporate representative under Rule 30(b)(6). See Attorney Opalko's email dated June 23, 2005 attached hereto as Exhibit "D." Attorney Opalko's email further stated that employees Lee Flowers and James Laird would be made available for deposition, but in *Kokomo, Indiana,* which is not located in this district.[1] See id. Upon learning that Plaintiff wished to produce Messrs. Laird and Flower in Kokomo, rather than in the forum, Electralloy's counsel sent Plaintiff's counsel a letter stating that plaintiff's witnesses must be produced for deposition in this district. See Jennifer Miller letter dated July 13, 2005 attached hereto as Exhibit "E". Attorney Miller's letter set forth legal authority that stands for the proposition that a corporate plaintiff such as Haynes International, Inc. is required to produce its witnesses for depositions in the district and forum in which the lawsuit was instituted. See id. In a final effort to resolve the dispute as required by Rule 37, Electralloy's counsel, Jennifer Miller, contacted Plaintiff's counsel by telephone on August 1, 2005, and requested that Plaintiff allow the depositions to take place within the forum. In an email dated August 3, 2005, Plaintiff's counsel again refused the depositions of Messrs. Laird and Flowers taking place in Pittsburgh, Pennsylvania. See Attorney Opalko's email dated August 3, 2005, attached hereto as Exhibit "F."

---

[1] During prior discussions, Electralloy's counsel had suggested that if Plaintiff was insistent on producing its witnesses only in Kokomo, Indiana, Plaintiff would have to reimburse Defendant for the additional attorney's fees and expenses associated with travel to that location.

2

## III.  ARGUMENT

Having chosen to litigate in this Court, Plaintiff now objects to producing its key witnesses in this district.  As a general rule, "the corporate plaintiff is required to produce its agents or officers for depositions in the district in which plaintiff has instituted suit."  South Seas Catamaran, Inc. v. The Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D. N.J. 1988) (ordering the plaintiff's president to be deposed in district in which plaintiff brought action despite claims of predjudice and hardship).  See Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395, 396 (D. Del. 1955) ("a plaintiff having selected a particular forum for the adjudication of his case should be prepared to answer a notice of deposition in that locality."); see also 7 J. Moore & J. Lucas, Moore's Federal Practice, § 30.20(b)(ii) n. 8 ("Plaintiffs must appear for deposition where they initiate suit") (citing cases).

While there exists a countervailing principle that depositions of officers and agents of a *defendant* corporation are often taken at their principal place of business, that principle does not ordinarily apply to a *plaintiff* corporation.  See South Seas Catamaran, 120 F.R.D. at 21 n.5 (noting that even a corporate defendant may be required to produce witnesses at locations other than its principal place of business "where there has been no showing that the defendant will suffer any resulting financial hardship").  Absent a showing of undue hardship, Plaintiff should be required to produce its employee witnesses for deposition in this district, the very district where Plaintiff initiated this litigation.  Underscoring the motion that this district is the proper place for conducting Plaintiff's deposition, it should be noted that Plaintiff's counsel in this matter is located in Pittsburgh and Defendant Electralloy's counsel is located a short flight away in Philadelphia.

3

IV. **CONCLUSION**

Electralloy respectfully submits that an Order be entered compelling Plaintiff's witnesses to appear for depositions in the forum prior to expiration of the discovery deadline and that Plaintiff's should be required to compensate Electralloy for its reasonable attorneys' fees and costs incurred in bringing this Motion.

Respectfully submitted,

BLANK ROME LLP

Dated: August 3, 2005

By: _____
Timothy D. Pecsenye
PA I.D. 51339
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103-6998
(215) 569-5500
Counsel for Defendant,
Electralloy, a division of G.O. Carlson, Inc

Emily Barnhart, Esquire
PA I.D. 84895
Jennifer L. Miller, Esquire
PA I.D. 91808
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation | ) ) ) |
| Plaintiff, | ) Civil Action No. 04-197(E) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation | ) ) Judge Cohill ) ) |
| Defendant. | ) |

## ORDER AMENDING CASE MANAGEMENT ORDER

AND NOW, this 13th day of June, 2005,

IT IS ORDERED that the Joint Motion to Extend the Discovery Cut Off and to Amend Case Management Order is granted.

IT IS FURTHER ORDERED that paragraphs 5, 6, 7 and 12 of the Case Management Order dated October 18, 2004, and amended by the Order dated March 17, 2005, are hereby further amended as follows:

5.  The parties shall complete discovery on or before September 6, 2005. All interrogatories, depositions, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

6.  The parties shall file motions for judgment on the pleadings, for summary judgment, or to dismiss, if appropriate, on or before September 27, 2005. All such motions shall be accompanied by a brief. Responses to such motions shall be accompanied by briefs and filed

EXHIBIT A

7.  If the parties do file motions for judgment on the pleadings, for summary judgment, or to dismiss, plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed on or before October 11, 2005. Counsel shall specify the material facts including damages to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

* * *

12. If the case is not to be decided on dispositive motions, the case shall be called for trial in _late fall, 2005_. Counsel are instructed to review the provisions of Local Rule 16.1.

All other portions of the Case Management Order dated October 18, 2004, shall remain in effect.

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 04-197(E) |
| v. | )<br>) JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a. Pennsylvania corporation | )<br>) Judge Cohill<br>) |
| Defendant. | ) |

## NOTICE OF DEPOSITION UPON ORAL EXAMINATION

To:   Lynn J. Alstadt, Esquire
      Bryan H. Opalko, Esquire
      BUCHANAN INGERSOLL PC
      One Oxford Centre
      301 Grant Street
      Pittsburgh, Pennsylvania 15219

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Electralloy, a division of G.O. Carlson, Inc., by its counsel, will take the deposition of James Laird by oral examination, before a Court Reporter. The deposition will take place at the offices of Blank Rome LLP, One Logan Square, Philadelphia, Pennsylvania 19103, at 10:00 a.m. on March 4, 2005, or such other time as agreed upon by counsel. The

EXHIBIT 'B'

deposition will take place before an officer authorized to administer oaths and will continue from day-to-day until completed.

You are invited to attend and participate.

|  |  |
|---|---|
| Dated: February 15, 2005 | BLANK ROME LLP<br><br>By: _____<br>Timothy D. Pecsenye, Esquire<br>PA I.D. 51339<br>Emily Barnhart, Esquire<br>PA I.D. 84895<br>Jennifer L. Miller, Esquire<br>PA I.D. 90373<br>BLANK ROME LLP<br>One Logan Square<br>Philadelphia, PA 19103<br>Phone: (215) 569-5619<br>Facsimile: (215) 832-5619 |

2

## CERTIFICATE OF SERVICE

I, Jennifer L. Miller, hereby certify that on this 15th day of February, 2005, a true and correct copy of the foregoing NOTICE OF DEPOSITION UPON ORAL EXAMINATION was served on the attorneys for Plaintiff by first class mail, postage prepaid, addressed as follows:

Lynn J. Alstadt, Esquire
Bryan H. Opalko, Esquire
BUCHANAN INGERSOLL PC
One Oxford Centre
301 Grant Street
Pittsburgh, Pennsylvania 15219

_____
JENNIFER L. MILLER

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC.,<br>a Delaware corporation<br><br>        Plaintiff,<br><br>v.<br><br>ELECTRALLOY, a Division of G.O.<br>CARLSON, INC.,<br>a Pennsylvania corporation<br><br>        Defendant. | Civil Action No. 04-197(E)<br><br>JURY TRIAL DEMANDED<br><br>Judge Cohill |

### RULE 26(a)(1) INITIAL DISCLOSURE STATEMENT
### BY PLAINTIFF HAYNES INTERNATIONAL, INC.

AND NOW Plaintiff, Haynes International Inc. hereby submits the following Initial Disclosure Statement, in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure:

**A.  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

The following persons, may have discoverable information regarding all or some of the following, among other topics:

    (i)    Haynes' use of its **C-22** trademark:

James Laird, Paul Manning and Lee Flower, employees of Plaintiff Haynes International, Inc.



EXHIBIT 'C'

1

  (ii) Haynes' registration of its **C-22** trademark:

  R. Steven Linne, Esq., Linne & Associates, 6259 Valleyview Drive, Fishers, Indiana 46038;
  Lynn J. Alstadt, Esq., Buchanan Ingersoll, PC, One Oxford Center, 301 Grant Street, 20th Floor, Pittsburgh, Pennsylvania 15219

  (iii) Defendant's use of "C-22" and "EC22" and correspondence between Plaintiff and Defendant concerning such use:

  James Laird, Paul Manning, and Lee Flower employees of Haynes International, Inc.;
  Tracey Randolph, President of Defendant Electralloy;
  Timothy D. Pecsenye, Esq., Blank Rome LLP, One Logan Square, Philadelphia, Pennsylvania 19103; and
  Lynn J. Alstadt, Esq., Buchanan Ingersoll PC, 301 Grant Street, 20th Floor, Pittsburgh, Pennsylvania 15219.

  **B.** **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Categories of documents:

  Registration No. 1,953,864 for the trademark **C-22** and related documents
  Advertisements, brochures, technical papers, web pages, shipping documents and packaging relating to Plaintiff's use of its trademark **C-22**.
  Advertisements, brochures, and web pages relating to Defendant's use of "C-22" and "EC22".
  Reports and other documents relating to Plaintiff's advertising and marketing expenses to promote its products sold under its registered trademark **C-22**.
  Correspondence between Plaintiff and Defendant relating to Defendant's use of "C-22" and "EC22".

At least one copy of these documents is at Haynes facilities in Kokomo, Indiana, or the offices of Buchanan Ingersoll PC, in Pittsburgh. Additional copies of many of the documents may be at other Haynes facilities in the United States and in Europe.

  **C.** **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

  No such computation has been made.

2

D.  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

None.

Respectfully submitted,

BUCHANAN INGERSOLL PC

Date: October 19, 2004

By *(signature)*
Lynn J. Alstadt
Pa. I.D. 23487
Bryan H. Opalko
Pa. I.D. 86721
BUCHANAN INGERSOLL PC
One Oxford Centre
301 Grant Street
Pittsburgh, Pennsylvania 15219
phone 412-562-1632
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 19th day of October, 2004, a true and correct copy of the foregoing RULE 26(a)(1) INITIAL DISCLOSURE STATEMENT BY PLAINTIFF HAYNES INTERNATIONAL, INC. was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

> Timothy D. Pecsenye, Esquire
> Blank Rome LLP
> One Logan Square
> Philadelphia, PA  19103

_____
Lynn J. Alstadt

## Miller, Jennifer L.

**From:** Opalko, Bryan [opalkobh@bipc.com]
**Sent:** Thursday, June 23, 2005 10:46 AM
**To:** Miller, Jennifer L.
**Subject:** haynes v. electralloy

Jennifer,

Paul Manning is available for deposition generally during the month of July. We would be agreeable to bringing Mr. Manning to Pittsburgh as a 30(b)(6) deponent.

Lee Flowers is available for deposition in Kokomo, Indiana any day between July 11 and July 26, as well as during the first week in August.

I am hoping to provide you with dates for Jim Laird (in Kokomo, Indiana) by the end of the week.

Please provide me with dates for Mike Lewis, Wayne Weaver and Tracy Rudolph by the end of the week. We need to schedule the depositions as soon as possible.

Any questions, please feel free to call.

Thanks,
Bryan

Bryan H. Opalko
Buchanan Ingersoll PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
phone: (412) 562-1893
fax: (412) 562-1041
e-mail: opalkobh@bipc.com

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege.
If you are not the intended recipient, please advise the sender immediately.
Unauthorized use or distribution is prohibited and may be unlawful.

EXHIBIT 'D'

6/23/2005



**BLANK ROME LLP**
COUNSELORS AT LAW

*Phone:*    215-569-5613
*Fax:*      215-832-5613
*Email:*    miller-j@blankrome.com

July 13, 2005

**VIA FACSIMILE** (412) 562-1041

Bryan H. Opalko, Esquire
Buchanan Ingersoll P.C.
One Oxford Centre
301 Grant Street
Pittsburgh, Pennsylvania 15219

        Re:  Haynes International, Inc. v. Electralloy

Dear Mr. Opalko:

    We are in receipt of your e-mail dated June 23, 2005, regarding deposition dates in connection with the above-referenced matter.

    Regarding Paul Manning as the 30(b)(6) deponent, please confirm that Mr. Manning is a person with sufficient knowledge to testify regarding each of the deposition topics as listed in the Notice of Deposition Upon Oral Examination Under Fed. R. Civ. P. 30(b)(6) dated February 15, 2005. Assuming that Mr. Manning is the appropriate corporate representative, we are prepared to take the deposition on July 25, 26, 27 or 28, 2005, in Pittsburgh, Pennsylvania. Please contact me to schedule the deposition so that we may secure the address where the deposition will take place.

    Regarding the deposition of Lee Flowers, we reiterate that we do not consent to taking the deposition in Kokomo, Indiana. The deposition will take place in Pittsburgh, Pennsylvania, or another mutually designated location within the district of the litigation. It is a generally recognized rule that "the corporate plaintiff is required to produce its agents or officers for depositions in the district in which plaintiff has instituted suit." South Seas Catamaran, Inc. v. The Motor


EXHIBIT 'E'

One Logan Square  18th & Cherry Streets  Philadelphia, PA 19103-6998
www.BlankRome.com

022664/00115/11449028v1

Delaware  •  Florida  •  Maryland  •  New Jersey  •  New York  •  Ohio  •  Pennsylvania  •  Washington, DC



Bryan H. Opalko, Esquire
July 13, 2005
Page 2

---

Vessel, 120 F.R.D. 17, 21 (D.N.J. 1988) (ordering plaintiff's agent be deposed in district in which plaintiff brought action). Moreover, courts have routinely ordered plaintiffs with significant professional obligations in distant places to appear at their depositions in the district where they brought suit. See, e.g., Clem v. Allied Van Lines Int'l. Corp., 102 F.R.D. 938 (S.D.N.Y. 1984). Counsel's reference to the "general rule [that] depositions of officers and agents of a corporation should be taken at their principal place of business" is inapposite under the circumstances. The cited rule is typically reserved for situations where the corporation is not the plaintiff and did not choose the forum for the lawsuit. 7 J. Moore & J. Lucas, Moore's Federal Practice, § 30.20(b)(ii). Accordingly, Plaintiff must require its witnesses to appear for deposition in the district in which suit has been brought. Please confirm whether Lee Flowers remains available to be deposed in the forum between July 11-July 26, 2005. If we do not receive available dates by July 20, 2005, we will be left with no choice but to file a motion to compel the deposition, and will seek costs as appropriate.

Further, we have yet to receive deposition dates for deponent Jim Laird. At your earliest convenience, please provide available dates. Again, if we do not receive available dates by July 20, 2005, we will file a motion to compel the deposition.

Finally, please indicate whether the proposed deposition dates set forth in my letter of June 29, 2005, for Tracy Rudolph, Wayne Weaver, and Mike Lewis, are acceptable. Our client cannot hold these dates open beyond July 20, 2005.

Sincerely,

JENNIFER L. MILLER

cc: Timothy D. Pecsenye, Esquire

## Miller, Jennifer L.

| | |
|---|---|
| **From:** | Opalko, Bryan [opalkobh@bipc.com] |
| **Sent:** | Wednesday, August 03, 2005 8:53 AM |
| **To:** | Miller, Jennifer L. |
| **Cc:** | Pecsenye, Timothy; Alstadt, Lynn |
| **Subject:** | Haynes v. Electralloy |

Jennifer,

Confirming my voicemail of yesterday, we do not consent to the depositions of Lee Flowers and Jim Laird occurring in Pittsburgh. We believe these depositions should properly take place in Kokomo, Indiana, the principal place of business of Haynes International. We are, however, agreeable to bringing Paul Manning as a 30(b)(6) witness to Pittsburgh for deposition. That said, the dates I provided to you on July 15, 2005 are still valid for Manning and Flowers, and we have obtained dates for Jim Laird. They are as follows:

Paul Manning is available the entire month of August, EXCEPT Aug. 1-5 and 18-19 (for Pittsburgh deposition).

Lee Flowers is available the entire month of August, EXCEPT Aug. 12 (for Kokomo deposition).

Jim Laird is available the entire month of August, EXCEPT Aug. 5, 12, 15-16 and 29 (for Kokomo deposition).

The schedules of these individuals can change very quickly, and I cannot guarantee how long these dates will remain open.

Lastly, you had indicated that you were unsure if Aug. 18-19 was still open for our depositions of Tracy Rudolph, Wayne Weaver and Mike Lewis. In your letter of July 13, you indicated that your client could not hold these dates open past July 20. On July 14 I left you a voicemail indicating we chose August 18-19 for these depositions, and followed that up with an e-mail the next day. I thought these deposition dates were set and we only needed to agree on a time and place. Please contact me as soon as possible so we can get these deposition dates set. We would like to have them set by the end of this week.

Thanks,
Bryan

Bryan H. Opalko
Buchanan Ingersoll PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
phone: (412) 562-1893
fax: (412) 562-1041
e-mail: opalkobh@bipc.com

EXHIBIT 'F'

8/3/2005

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you would like such advice, please contact us.

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege.
If you are not the intended recipient, please advise the sender immediately.
Unauthorized use or distribution is prohibited and may be unlawful.

8/3/2005