IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., <br> a Delaware corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 04-197(E) |
| v. | ) <br> ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. <br> CARLSON, INC., <br> a Pennsylvania corporation, | ) <br> ) <br> ) <br> ) | Judge Cohill |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
COMPEL DEPOSITIONS OF PLAINTIFF'S WITNESSES**

Plaintiff, Haynes International, Inc. (hereinafter "Haynes"), by and through its attorneys, Buchanan Ingersoll PC, hereby submits this Response to Defendant's Motion to Compel Depositions of Plaintiff's Witnesses. Defendant's Motion seeks to compel Plaintiff's employees, James Laird and Lee Flowers, to appear for deposition upon oral examination in Pittsburgh, Pennsylvania. Plaintiff submits that these depositions should more appropriately take place in Kokomo, Indiana, the principal place of business of Haynes.

**FACTS**

Plaintiff filed its Complaint in the United States District Court for the Western District of Pennsylvania on July 15, 2004. Defendant filed its Answer on August 6, 2004. Initial disclosures pursuant to Rule 26 were submitted by Plaintiff on October 19, 2004, and by Defendant on November 1, 2004.

After exchanging initial disclosures under Rule 26, the Parties discussed the taking of depositions. Defendant issued Notices of Deposition for Paul Manning, Lee Flowers and James Laird, as well as a Rule 30(b)(6) deposition, on February 15, 2005. Defendant issued these Notices of Deposition with the understanding that the dates, times and/or places would most likely change. This is evidenced by the fact that Defendant chose the place of deposition to be at the Law Offices of Blank Rome, LLP in Philadelphia, Pennsylvania (*see* Exhibit B to Defendant's Motion). Plaintiff was unable to provide the deponents for deposition on the requested dates, and informed Defendant of such.

On May 4, 2005, Plaintiff informed Defendant of available deposition dates for Paul Manning, James Laird and Lee Flowers, and also informed Defendant that Paul Manning would be designated as Haynes' Rule 30(b)(6) deponent. Additionally, on May 4, 2005, Plaintiff informed Defendant that it believed the depositions should take place in Kokomo, Indiana (*see* Attorney Opalko's letter dated May 4, 2005 attached hereto as Exhibit 1).

On May 10, 2005, Defendant accepted the proposed dates, but indicated that they believed the depositions should take place in Pittsburgh, Pennsylvania (*see* Attorney Miller's letter dated May 10, 2005 attached hereto as Exhibit 2).

On May 25, 2005, Plaintiff informed Defendant that due to travel constraints the requested individuals would only be available for deposition in Kokomo, Indiana (*see* Attorney Opalko's letter of May 25, 2005 attached hereto as Exhibit 3). Plaintiff did not receive a response to its May 25, 2005 letter, and the proposed dates went by without Defendant taking any depositions. In the meantime, Plaintiff and Defendant prepared a Second Joint Motion to Extend Discovery. This Second Joint Motion set a September 6, 2005 deadline for completing discovery.

While in the process of obtaining available dates for depositions from its employees, Plaintiff responded to Defendant's May 10th letter citing case law for its position that the depositions should take place in Kokomo, Indiana, and distinguishing the cases cited by Defendant in its May 10th letter (*see* Attorney Opalko's letter of June 16, 2005 attached hereto as Exhibit 4).

On June 23-24, 2005, Plaintiff provided Defendant with available deposition dates for July 2005 (*see* Attorney Opalko's e-mails of June 23-24, 2005 attached hereto as Exhibit 5). Additionally, Plaintiff agreed to bring Paul Manning, as its Rule 30(b)(6) deponent, to Pittsburgh, Pennsylvania for deposition.

On July 13, 2005, Defendant reiterated that they did not consent to the taking of the Laird and Flowers depositions in Kokomo, Indiana. A copy of Defendant's July 13th letter is attached to Defendant's Motion as Exhibit E. Plaintiff reviewed Defendant's letter and the cases cited therein. In an e-mail dated August 3, 2005, Plaintiff reiterated its position that the depositions of Laird and Flowers should appropriately occur in Kokomo, Indiana. A copy of Plaintiff's e-mail is attached to Defendant's Motion as Exhibit F.

## **ARGUMENT**

Initially, Plaintiff takes issue with Defendant's characterization of Plaintiff's actions. In the second sentence of Defendant's Supporting Memorandum, Defendant alleges that Plaintiff has ignored looming discovery deadlines and prevailing case law. To the contrary, and as set forth above in the "Facts" section, Defendant has known of Plaintiff's position that the depositions of Laird and Flowers should occur in Kokomo, Indiana since at least as early as May

4, 2005. Only now has Defendant decided to file its Motion claiming a "looming" discovery deadline.

As a general rule, the deposition of the officers and agents of a corporation should be taken at their principal place of business. Salter v. Upjohn Company, 593 F.2d 649, 651 (5th Cir. 1979); Trans Pacific Insurance Company v. Trans Pacific Insurance Company, 136 F.R.D. 385, 392 (E.D. Pa. 1990); C. Wright & A. Miller, Federal Practice and Procedure Civil 2d, § 2112 at 81-82 (1994). Although this rule is well-settled in case law, the district court has great discretion in designating the location of the taking of a deposition. South Seas Catamaran, Inc. v. The Motor Vessel "Leeway", 120 F.R.D. 17, 21 (D. N.J. 1988); Thompson v. Sun Oil Company, 523 F.2d 647, 650 (8th Cir. 1975). For example, in Mill-Run Tours, Inc. v. Khashoggi, the district court considered various factors, including cost, convenience and litigation efficiency, in determining where the depositions should take place. Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550-551 (S.D. N.Y. 1989). In addition to these factors, some courts also review the extent to which a corporation's daily affairs would be disrupted by individuals traveling for depositions. Shapiro v. Delta Boats, Inc., No. 89-4267, 1990 WL 11629 at *1 (E.D. Pa. 1990).

As in Mill-Run, the first factor many courts examine is cost. In light of the facts presented, the costs that can be compared herein is the cost of Haynes bringing two (2) individuals (Laird and Flowers) from Kokomo to Pittsburgh, with the cost of Haynes sending its counsel from Pittsburgh to Kokomo. Defendant's counsel will absorb traveling costs whether it is required to travel to Pittsburgh or Kokomo. The costs for Defendant's counsel to attend the depositions should not be appreciably different regardless of whether Defendant's counsel is required to travel to Pittsburgh or Kokomo for the depositions.

Additionally, Plaintiff believes that if the depositions of Laird and Flowers occur in Kokomo, Plaintiff may be able to schedule these depositions on the same day or on consecutive days. However, if Laird and Flowers are forced to travel to Pittsburgh for their depositions, due to various business commitments, these depositions most likely will need to be scheduled on different days, thus requiring Defendant's counsel to make two trips to Pittsburgh for the depositions rather than just one trip to Kokomo. Thus, having the depositions of Laird and Flowers take place in Kokomo may likely save Defendant money.

Additionally, the court needs to consider the expense of moving any documentation that would be necessary for the deposition to take place in Pittsburgh, as well as the cost of lost work to Plaintiff. *See* Turner v. Prudential Insurance Company of America, 119 F.R.D. 381, 383 (M.D. N.C. 1988). Should the depositions occur in Kokomo, both Laird and Flowers can attend to their normal business activities while not being deposed. Having the depositions in Pittsburgh would require that Laird and Flowers travel to Pittsburgh presumably the night before and stay in a hotel. Travel arrangements would then have to be made so that Laird and Flowers may return to Kokomo after the depositions are completed. Having the depositions occur in Kokomo would alleviate any such costs and lost work, as immediately after the depositions are done, both Laird and Flowers can resume their normal business activities. Further, if any pertinent corporate documents that have not been produced are identified during the deposition, those documents would be located at Haynes' corporate headquarters in Kokomo. Then the deposition could be recessed, the document(s) retrieved and produced, and the deposition resumed. Having the depositions occur in Kokomo would alleviate the cost of having to resume the deposition at a later date if pertinent documents that were not produced are identified by the witness. Thus, this first factor points to having the depositions of Laird and Flowers occur in Kokomo.

The second factor many courts examine is convenience.  Both Laird and Flowers are required to travel extensively in the course of their employment to meet the needs and demands of Haynes' customers.  Both individuals would be extremely inconvenienced if required to travel to Pittsburgh for deposition.  They would be forced to spend even more time away from their families.  Conversely, if the depositions occurred in Kokomo, these individuals could return home to their families each evening.  Additionally, while depositions were not taking place, Laird and Flowers could be attending to work related matters.  Plaintiff has offered to try and arrange for these individuals to be available on the same day, or successive days, if the depositions occurred in Kokomo.  If Laird and Flowers are forced to travel to Pittsburgh for their depositions, that arrangement may not be possible because of business commitments.  This aids in further inconvenience to the individuals being deposed, as well as increases the cost.

While the convenience of counsel is taken into account, this factor is generally less important than any hardship on the deponents.  Plaintiff notes that counsel for Defendant will be forced to travel regardless of whether the depositions occur in Kokomo or Pittsburgh.  Thus, the convenience to Defendant's counsel should be a non-factor.  Accordingly, the second factor further points to having the depositions of Laird and Flowers occur in Kokomo.

The third factor many courts examine is the efficiency of litigation.  This category overlaps with both cost and convenience as it includes the issue of obtaining deposition documentation which could be performed more efficiently at Plaintiff's headquarters.  It also includes the possible need for judicial supervision.  However, there has not been a high degree of contention between the parties indicating the possibility of disagreement.  The only disagreement thus far has been the issue of where the depositions of Laird and Flowers would take place.

Thus, this third factor also supports having the depositions of Laird and Flowers occur in Kokomo.

The fourth factor many courts examine is disruption of the corporation's activities. Since both Flowers and Laird travel, the times during which they are back at the corporate headquarters become valuable. Forcing them to travel to Pittsburgh for depositions increases the disruption to Haynes' business activities. Conversely, if the depositions were to occur in Kokomo, both Laird and Flowers could more readily attend to work related matters while not being deposed, thus causing less disruption to Haynes' business activities. Accordingly, this fourth factor also points towards having the depositions of Laird and Flowers occur in Kokomo.

Plaintiff realizes that the convenience to the witness is of the utmost importance when scheduling depositions. Accordingly, Plaintiff has agreed to take the depositions of Defendant's employees at whatever location most convenient for the deponents.

Finally, Plaintiff notes that it has another case pending in this judicial district, which is captioned <u>Haynes International, Inc. v. Special Metals Corporation and Huntington Alloys Corporation</u> (Civil Action No. 04-CV-1046). In that case, counsel for Defendants, following the general rule that the depositions of officers and agents of a corporation should be taken at their principal place of business, took the depositions of all Haynes' employees in Kokomo, Indiana.

## **CONCLUSION**

Defendant has not shown any compelling reason why the depositions of Laird and Flowers should occur in Pittsburgh, Pennsylvania. On the other hand, Plaintiff has set forth herein why having these depositions occur in Kokomo, Indiana would be more appropriate under the various factors that are required to be considered. Accordingly, Defendant's Motion should

- 8 -

be denied. In view of the fact that there is case law which clearly supports Plaintiff's position, Defendant's request for attorneys' fees should be denied. An appropriate form of Order is attached.

                Respectfully submitted,

                BUCHANAN INGERSOLL PC

Dated: August 10, 2005        By: */s/ Bryan H. Opalko*
                                Lynn J. Alstadt
                                Pa. I.D. No. 23487
                                Bryan H. Opalko
                                Pa. I.D. No. 86721
                                BUCHANAN INGERSOLL PC
                                301 Grant Street, 20th Floor
                                Pittsburgh, PA  15219-1410
                                Phone:  412-562-1632
                                Fax:  412-562-1041
                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of August, 2005, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF'S WITNESSES** was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

>Timothy D. Pecsenye, Esquire
>Emily Barnhart, Esquire
>Jennifer L. Miller, Esquire
>BLANK ROME LLP
>One Logan Square
>18th and Cherry Streets
>Philadelphia, PA  19103

>*/s/ Bryan H. Opalko*
>Bryan H. Opalko