IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware Corporation,<br><br>Plaintiff<br><br>v.<br><br>ELECTRALLOY, a Division of G.O. Carlson, Inc., a Pennsylvania Corporation,<br><br>Defendant | Civ. No. 04-197E |

## OPINION AND ORDER

Pending before the Court is Defendant Electralloy's Motion to Compel Depositions of Plaintiff's Witnesses (Doc. #11). For the reasons set forth below, Defendant's Motion to Compel Depositions of Plaintiff's Witnesses is denied.

I. Relevant Factual Background.

Plaintiff filed the instant action in the Erie Division of the United States District Court for the Western District of Pennsylvania on July 15, 2004. On February 15, 2005, Defendant issued Notices for Deposition of Plaintiff's employees, Paul Manning, Lee Flowers and James Laid. On May 4, 2005, Plaintiff informed Defendant of dates when the three gentlemen would be available and stated that while Paul Manning, whom Plaintiff designated as its Rule 30(b)(6) designee, could be deposed in Pittsburgh, it stated that the depositions of Flowers and Laird should take place in Kokomo, Indiana, the Plaintiff's principal place of business. On May 10, 2005, Defendant informed Plaintiff that Laird and Flowers' depositions should take place in Pittsburgh; Defendant provided Plaintiff with case law to support its position. On May 25, 2005 Plaintiff told Defendant that "[d]ue to travel constraints, these individuals will only be available for

deposition in Kokomo on these dates." On June 16, 2005, Plaintiff countered with case law to support its position that Flowers and Laird should be deposed in Kokomo. On July 13, 2005, Defendant again advised Plaintiff that it did not consent to the taking of the depositions in Kokomo. On August 3, 2005, Plaintiff again told Defendant that these depositions should take place in Kokomo. Defendant filed the instant motion to compel on August 4, 2005. Discovery in this case is currently scheduled to end on September 5, 2005.

II. Defendant's Position.

Defendant's position is that "[a]s a general rule, 'the corporate parent is required to produce its agents or officers for depositions in the district in which plaintiff has instituted suit;" (2) "[w]hile there exists a countervailing principle that depositions of officers and agents of a *defendant* corporation are often taken at their principal place of business, that principle does not ordinarily apply to a *plaintiff* corporation;" and (3) "[a]bsent a showing of undue hardship, Plaintiff should be required to produce its employee witnesses for depositions in this district, the very district where Plaintiff initiated this litigation." Memorandum of Law in Support of Defendant's Motion to Compel Depositions ("Defendant's Supporting Memorandum"), p. 3. Defendant also emphasizes that "that Plaintiff's counsel in this matter is located in Pittsburgh and Defendant Electralloy's counsel is located a 'short flight' away in Philadelphia." Id.

III. Plaintiff's Position.

Plaintiff's position is that "[a]s a general rule, the deposition of the officers and agents of a corporation should be taken at their principal place of business" and that "although this rule is well-settled in case law, the district court has great discretion in designating the location of the taking of a deposition." Plaintiff's Response to Defendant's Motion to Compel Depositions of Plaintiff's Witnesses ("Plaintiff's Response"), p. 4 (citations omitted). With respect to the

factors a court should consider in exercising such discretion, Plaintiff contends that the depositions of Flowers and Laird should take place in Kokomo for the following reasons: (1) it will cost money for the gentlemen to travel to Pittsburgh whereas the cost for defense counsel to travel to Kokomo as opposed to Pittsburgh should not be appreciably different; (2) if the two depositions are in Kokomo, Plainitff may be able to schedule the depositions on the same day or on consecutive days but if the two men are required to travel to Pittsburgh, "due to various business commitments, these depositions most likely will need to be scheduled on different days, thus requiring Defendant's counsel to make two trips to Pittsburgh for the depositions rather than just one trip to Kokomo;" (3) if the depositions take place in Kokomo, then both men can attend to their normal business activities while not being deposed whereas if they have to travel to Pittsburgh, they presumably with have to travel the night before and stay in a hotel, thereby incurring additional costs and losing work time; (4) if any pertinent corporate documents that have not been produced are identified during the deposition, those documents would be located in Plaintiff's corporate headquarters in Kokomo, and the deposition could be recessed until the documents were produced as opposed to having to reschedule the depositions if such an event occurred in Pittsburgh; (5) traveling to Pittsburgh would inconvenience Laird and Flowers because it would take them away from their families; (6) defense counsel will have to travel regardless of whether the depositions take place in Pittsburgh or Kokomo; (7) there should not be a need for judicial supervision since to date there has not been a high degree of contention between the parties; and (8) because both Laird and Flowers travel, the times they are at corporate headquarters is valuable and forcing them to travel to Pittsburgh increases the disruption of Plaintiff's business activities. Id. at pp. 4-7.

IV. Court's Analysis.

Initially, we find that where a corporate plaintiff is involved, the general rule that the corporate plaintiff is required to produce its agents or officers[1] for depositions in the district in which plaintiff has instituted suit trumps the general rule that the deposition of the officers and agents of a corporation should be taken at their principal place of business. To conclude otherwise would result in individual and corporate plaintiffs being treated differently, an illogical conclusion. This rule, however, is not absolute. A court has great discretion when designating where the taking of a deposition shall occur, and each application must be considered on its own facts and equities. Sampathachar v. Federal Kemper Life Assurance Company, 2004 WL 2743589, *1 (E.D. Pa. 2004).

A fair reading of Defendant's motion to compel is that it wants the depositions taken in Pittsburgh as opposed to Kokomo because it will save time and money if defense counsel attends the depositions in Pittsburgh. On the other side of the coin, Plaintiff's position is that having the

---

[1] The Court is working under the assumption that Flowers and Laird are officers or managing agents of Plaintiff since Plaintiff has not argued that the gentlemen are mere corporate employees who would have to be subpoenaed and deposed in Kokomo. See Philadelphia Indemnity Insurance Company v. Federal Insurance Company, 215 F.R.D. 492, 494 (E.D. Pa. 2003) (explaining that "[g]enerally, a corporation may be examined through the deposition testimony of its officers, directors, or managing agents. However, those individuals without the authority to speak for the corporation are not proper party deponents absent a subpoena") (internal citations omitted); Archer Daniels Midland Company v. AON Risk Services, Inc. Of Minnesota, 187 F.R.D. 578, 587 (D. Minn. 1999) (where defendant corporation argues that plaintiff corporation should be required to produce its directors, officers and employees in the district where corporate plaintiff had sued, court explained that "[a]s a threshold matter, a distinction should be drawn between [plaintiff's] ordinary employees, and its directors, officers, and other high-level representatives. ... Thus, ordinary employees are subject to the general rule that a deponent be deposed near his or her residence, or principal place of work."); South Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, (D. N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993) (discussing "the general rule requiring plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought").

4

depositions taken in Kokomo will save Plaintiff in money, productivity, inconvenience to the deponents and access to documents. Weighing the two sides, we hold that the depositions should be conducted in Kokomo, Indiana. Having so held, however, we further find that: (1) the depositions shall be scheduled for the same or consecutive days so that defense counsel only has to make one trip to Kokomo; and (2) Plaintiff shall reimburse Defendant for any reasonable attorney fees and expenses associated with travel to Kokomo that are in excess of such costs that would have been incurred had the depositions taken place in Pittsburgh. See Generale Bank Nederland N.V. v. First Sterling Bank, 1997 WL 778861, *2 (E.D. Pa. 1997) (finding that "[t]he court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party.").

V. Conclusion.

Defendant's Motion to to Compel Depositions of Plaintiff's Witnesses is denied. The following Order therefore is entered:

### ORDER

AND NOW, this 18th day of August, 2005, Defendant Electralloy's Motion to Compel Depositions of Plaintiff's Witnesses (Doc. # 11) is denied.

_____
Maurice B. Cohill, Jr.
Senior District Judge

cc:    counsel of record