

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAYNES INTERNATIONAL, INC., )
   a Delaware corporation )
)
        Plaintiff, )   Civil Action No. 04-197(E)
)
v. )   JURY TRIAL DEMANDED
)
ELECTRALLOY, a Division of G.O. )
CARLSON, INC., )   Judge Cohill
   a Pennsylvania corporation )
)
        Defendant. )

## PLAINTIFF'S ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES, NOS. 1-20

### GENERAL OBJECTIONS

Each of the answers herein is made subject to and incorporates the following general objections and reservations:

1.    Haynes objects to all of Electralloy, a Division of G.O. Carlson, Inc.'s (hereinafter "Electralloy") instructions, definitions and interrogatories to the extent they seek to impose on Haynes obligations greater than or different from those imposed by the Federal Rules of Civil Procedure. Haynes also objects to all definitions to the extent that they purport to give meanings to words other than their commonly accepted meanings. Haynes objects to these interrogatories to the extent that they call for the disclosure of information protected by the attorney-client privilege and/or the work product doctrine.

## ANSWERS TO INTERROGATORIES

### Interrogatory No. 1

Identify all facts concerning the creation, selection and adoption of the "C-22" mark and name, including, but not limited to, all persons who participated therein, and the dates of such creation, selection and adoption.

### ANSWER:

At the time C-22 was adopted Haynes had a family of C-alloys. Since C-22 alloy would be offered for uses similar to the existing C-alloys, Paul Manning, Aziz Asphahani and Galen Hodge selected C-22 for the alloy in 1983. In 1983 all three men were employees of Haynes International.

### Interrogatory No. 2

Identify the circumstances surrounding the first use in commerce of the "C-22" mark by Plaintiff or a predecessor in interest, including the date of first use, the manner of first use, the products and/or services on which use was first made, the exact location of use and the media involved, if any.

### ANSWER:

The first sale occurred in February, 1984 at which time the alloy was identified as Haynes Developmental Alloy C-22. The mark was applied to the goods. The goods were sold to Kamyr, Inc. in New York. The product sold was weld wire to repair failed alloy C-276 welds on a bleach plant mixer at the Crown Zellerbach plant in Carmas, Washington.

3

**Interrogatory No. 3**

Identify each and every good and service advertised, distributed, offered, sold or licensed for sale in connection with the "C-22" mark by Plaintiff or its predecessors in interest, including the first date and inclusive dates during which each such good or service has been or was advertised, distributed, offered or licensed for sale, and the annual sales volume in dollars for each of the goods or services for each year since the introduction of such goods or services.

**ANSWER:**

Since 1983 Plaintiff has advertised, distributed, offered and sold under the "C-22" trademark an alloy composition within UNS No. NO 6022 in the form of sheet, plate, wire, bar, tubing, piping, coated electrodes and welding filler metal. Fittings made of this alloy were first offered by Plaintiff in the early 1990's. Prior to that time Plaintiff's distributors made fittings from this alloy. Plaintiff will provide a chart listing sales of the alloy. To the extent that the interrogatory seeks sales information by product form Plaintiff objects to the interrogatory as unduly burdensome and seeking information which is not relevant and not likely to lead to the discovery of relevant information.

**Interrogatory No. 4**

Identify each distinct label, tag, sticker, container, package, good, sign, photograph, brochure, marketing and promotional material, radio and television script, radio and television audio or video tape, or other advertising material used by Plaintiff or its predecessors in interest in connection with the sale or provision of goods and services in connection with the "C-22" mark.

**ANSWER:**

Plaintiff will produce samples or photographs of all such materials which can be located.

4

## VERIFICATION

I, Charles Sponaugle, Vice President, Business Planning and Information Technology of Haynes International, Inc., hereby affirm under penalty of perjury that:

I have authority to sign on behalf of Haynes International, Inc., the foregoing responses to PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES, NOS. 1-20.

I have read the foregoing responses to PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES, NOS. 1-20. The responses are true and correct to the best of my knowledge, information and belief.

Date: 3/7/05

_Charles Sponaugle_
Charles Sponaugle

11

TOTAL P.02

## CERTIFICATE OF SERVICE

The undersigned certifies that on this __8__th day of March, 2005, a true and correct copy of the foregoing PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-20) was served on the attorneys for Plaintiff by first class mail, postage prepaid, addressed as follows:

>Timothy D. Pecsenye, Esquire
>Emily Barnhart, Esquire
>Jennifer L. Miller, Esquire
>Megan E. Spitz, Esquire
>BLANK ROME LLP
>One Logan Square
>Philadelphia, PA 19103

Lynn J. Alstadt