EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation | ) ) ) |
| Plaintiff, | ) Civil Action No. 04-197(E) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a. Pennsylvania corporation | ) ) Judge Cohill ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES, Nos. 1-12**

Defendant Electralloy hereby responds to Plaintiff's First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.  Defendant objects to the Definitions and Instructions to the extent that they pose duties over and above those required by the Federal Rules of Civil Procedure.

2.  Defendant objects to Plaintiff's discovery requests to the extent that they seek information and documents that are protected by the attorney-client privilege or attorney work-product doctrine.

3.  Defendant objects to Plaintiff's discovery requests to the extent that they seek information or documents that consist of proprietary business information or other confidential information.

4.  The responses given herein, or the production of documents or tangible things by Defendant in response to any one or more of the Interrogatories or Document Requests, shall not

(c)     Subject to the General and Specific Objections, Defendant objects to this Interrogatory as overbroad, vague and unduly burdensome. By way of further response, this Interrogatory seeks proprietary trade secret information not reasonably calculated to lead to the production of admissible evidence. Subject to entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information.

(d)     Subject to the General and Specific Objections, Defendant objects to this Interrogatory as overbroad, vague and unduly burdensome. By way of further response, this Interrogatory seeks proprietary trade secret information not reasonably calculated to lead to the production of admissible evidence. Subject to entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information.

**Interrogatory No. 3:**

State when Electralloy first became aware of Plaintiffs "C-22" mark and describe the circumstances of how Electralloy first became aware of Plaintiffs "C-22" mark.

**Response:**

After reasonable investigation, Defendant is unable to identify the precise date on which it first learned of Plaintiff or the "C-22" mark. It is reasonably calculated that Defendant learned of Plaintiff and the "C-22" mark in or around 1997 as a result of general industry knowledge.

**Interrogatory No. 4:**

State whether Electralloy ever conducted a marketing survey, survey of customers or potential customers, trademark, trade name or similar search with respect to "C22" and/or "EC22", and identify all documents which relate to such surveys and searches.

**Response:**

None.

- 9 -

**Response:**

    Tracy Rudolph and Wayne Weaver.

Date: November 22, 2004          By: _/s/ Jennifer L. Miller_
                                                  Timothy D. Pecsenye, Esquire
                                                  PA I.D. 51339
                                                  Dennis P. McCooe, Esquire
                                                  PA I.D. 74739
                                                  Jennifer L. Miller, Esquire
                                                  PA I.D. 90373
                                                  Megan E. Spitz, Esquire
                                                  PA I.D. 91808
                                                  BLANK ROME LLP
                                                  One Logan Square
                                                  Philadelphia, PA 19103
                                                  Phone: (215) 569-5619
                                                  Facsimile: (215) 832-5619

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of November, 2004, an original and two copies of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, Nos. 1-12, was served on the attorneys for Plaintiff by first class mail, postage prepaid, addressed as follows:

> Lynn J. Alstadt, Esquire
> Bryan H. Opalko, Esquire
> BUCHANAN INGERSOLL PC
> One Oxford Centre
> 301 Grant Street
> Pittsburgh, Pennsylvania 15219

_____
JENNIFER L. MILLER