IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-197(E) |
| v. | ) ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation, | ) ) ) ) ) | Judge Cohill |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
FOUR-DAY EXTENSION OF TIME TO OPPOSE PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Haynes International, Inc. ("Haynes" or "Plaintiff"), by its undersigned counsel, files this Response to Defendant's Motion for a Four-Day Extension of Time to Oppose Plaintiff's Motion for Partial Summary Judgment. In summary, Plaintiff agrees to a four-day extension for the parties to file responses, but opposes a unilateral four-day extension for Defendant.

On October 5, 2005, prior to filing its Motion, Defendant contacted Plaintiff asking if Plaintiff would consent to a unilateral four-day extension for Defendant to respond to Plaintiff's Motion for Partial Summary Judgment. Plaintiff informed Defendant that it would agree to a four-day extension for both parties to file their responses, but opposed any unilateral extension as unfair. Plaintiff further informed Defendant that it filed a concise statement of facts to make it easier for Defendant to respond in accordance with the local rules. After the conversation, Plaintiff sent Defendant an e-mail requesting that a specific statement regarding Plaintiff's

position be included in Defendant's Motion, should Defendant decide to file such a Motion for Extension. A copy of this e-mail is attached hereto as Exhibit A. The statement Plaintiff requested Defendant add to its Motion is as follows:

> Because the original order contemplates a simultaneous filing of motions, responses and replies, Plaintiff consents to extending the response date for both parties, but opposes any motion to extend only Defendant's response date. It would be unfair for Defendant to have the benefit of Plaintiff's response in preparing its own response.

Defendant did not even grant Plaintiff the courtesy the including this statement in its Motion, but instead paraphrased it in an attempt to support its own position.

Plaintiff filed its statement of facts after realizing it did not fully comply with the local rules in filing its statement of facts as a separate document. The statement of facts included in Plaintiff's brief are in accordance with the local rules in that they set forth the facts essential for the Court to decide Plaintiff's motion and include citations to the record. The only non-compliance is that the paragraphs were not numbered and it was not filed as a separate document.

To correct this minor deficiency and to make it easier for Defendant to respond, Plaintiff filed a separate concise statement of facts. The separate concise statement is a mirror image of the statement of facts included in Plaintiff's brief. To make it further easier for Defendant to respond, Plaintiff did shorten some of the paragraphs, but the text remains the same.

Defendant could have very easily responded to Plaintiff's facts by admitting them or denying them in paragraph form, as Defendant will now do with Plaintiff's concise statement of facts. Defendant can cut and paste its responses from one document to another document, as Plaintiff did in generating its concise statement of facts. Defendant, of course, while

complaining of all the extra work that will be involved, has not pointed to what specific work will be involved.

Plaintiff is mystified that it would take Defendant four additional days to respond to Plaintiff's Motion for Partial Summary Judgment. The concise statement of facts is a mirror image of Plaintiff's statement of facts included in its brief. Plaintiff simply numbered these paragraphs, shortened a few paragraphs to make it easier for Defendant to respond, and included them as a separate document. Defendant could have very easily, and should have very easily, admitted or disputed each of the statements contained in Plaintiff's statement of facts in accordance with the local rules. Defendant's only additional work should have been a paragraph, which would have taken approximately fifteen (15) minutes to dictate, complaining about the form of Plaintiff's Partial Summary Judgment Motion. Plaintiff sees no other additional work that would be necessary.

In light of the above, Plaintiff does not believe it fair to give Defendant the benefit of Plaintiff's response while preparing its own response. The summary judgment motions, responses and replies should be filed simultaneously, so that no party has any extra benefit in preparing their own filings. Plaintiff submits that the Court should grant a four-day extension for both parties to file their responses, with replies due five (5) business days thereafter.

Additionally, Defendant is incorrect as to when the responses to motions for summary judgment are due. The original Order filed by the parties had a due date for the responses of October 11, 2005. However, when converting the document to Adobe Acrobat, the last line of the first page got cut off and this date is missing from the Order. A copy of this original Order is attached hereto as Exhibit B. Therefore, a four-day extension would extend the filing of the responses to October 15, 2005.

Plaintiff consents to a four-day extension for each party to file its response brief, so that responses are filed simultaneously. Plaintiff opposes any unilateral motion for an extension of time by Defendant as unfair and not contemplated by the original Case Management Order.

Additionally, Plaintiff notes an error in the Order signed by the Court on June 13, 2005. In that Order, paragraph 7, which relates to the filing of Plaintiff's pretrial narrative statement, should have began: "If the parties do <u>not</u> file motions on the pleadings, for summary judgment . . .". Since summary judgment motions have been filed, Plaintiff's pretrial narrative statement is due twenty-one (21) days after the Court's decision, as set forth in paragraph 8 of the Case Management Order dated October 18, 2004.

Finally, Plaintiff does not believe its late filing of its concise statement of material facts prejudices Defendant in any way. As previously noted, the concise statement of facts is a mirror image of Plaintiff's previous statement of facts which was included in its brief. Therefore, Plaintiff respectfully requests that this Court accept its concise statement of facts.

A proposed form of Order is attached.

                                            Respectfully submitted,

                                            BUCHANAN INGERSOLL PC

Dated: October 6, 2005               By:   */s/ Bryan H. Opalko*
                                            Lynn J. Alstadt
                                            Pa. I.D. No. 23487
                                            Bryan H. Opalko
                                            Pa. I.D. No. 86721
                                            BUCHANAN INGERSOLL PC
                                            301 Grant Street, 20th Floor
                                            Pittsburgh, PA 15219-1410
                                            Phone: 412-562-1632
                                            Fax: 412-562-1041
                                            Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 6th day of October, 2005, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR FOUR-DAY EXTENSION OF TIME TO OPPOSE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

> Timothy D. Pecsenye, Esquire
> Emily Barnhart, Esquire
> Jennifer L. Miller, Esquire
> BLANK ROME LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA  19103

> */s/ Bryan H. Opalko*
> Bryan H. Opalko