IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation<br><br>　　　　Defendant. | Civil Action No. 04-197(E)<br><br>JURY TRIAL DEMANDED<br><br>Judge Cohill |

**DEFENDANT ELECTRALLOY'S MOTION FOR FOUR-DAY EXTENSION OF TIME TO OPPOSE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Electralloy, a division of G.O. Carlson, Inc. ("Electralloy" or "Defendant"), by its undersigned counsel, moves the Court for a four-day extension of time in order to oppose Plaintiff's Motion for Partial Summary Judgment. Defendant did not receive Plaintiff's Concise Statement of Facts in accordance with Local Rule of Civil Procedure 56.1 until seven days after Plaintiff filed its Motion for Partial Summary Judgment. Defendant requires additional time to review Plaintiff's filing of October 4, 2005, and adjust its opposition papers. Defendant respectfully requests an additional four days -- until Friday, October 14, 2005 -- to oppose Plaintiff's Motion for Partial Summary Judgment.

On September 27, 2005, Plaintiff filed a Motion for Partial Summary Judgment and Memorandum of Law In Support. Plaintiff failed to file a separate concise statement of facts, in numbered paragraph form, in accordance with Local Rule of Civil Procedure 56.1. It was not until seven days later, on October 4, 2005, that Plaintiff attempted to comply with the Local Rules and filed a Motion for Leave to File a concise statement of facts in accordance with Local Rule 56.1.

The Case Management Orders in effect in this action, dated June 13, 2005 and March 17,

2005, dictate that opposition to summary judgment is due only 13 days after the filing of a motion for summary judgment, i.e. on Monday, October 10, 2005.

In light of Plaintiff filing its Motion for Leave to File a concise statement of facts on October 4, 2005 (more than half-way into the already short, 13-day summary judgment response period), Defendant asked Plaintiff to consent to a four-day extension for Defendant to respond to Plaintiff's Motion for Partial Summary Judgment. Plaintiff refused -- unless it too was provided an equal extension which they claim is contemplated by the original scheduling orders. Plaintiff stated it would be "unfair" if it were required to respond to Defendant's Motion for Summary Judgment prior to Defendant responding to Plaintiff's Motion; such is not the case, and in any event any alleged unfairness is mooted by the fact that Plaintiff's reply brief would necessarily then be due after Defendant's. The original scheduling orders likely also contemplated each party would comply with the Rules.

Defendant followed the Local Rules, and supplied Plaintiff with its Concise Statement of Undisputed and Material Facts on September 27, 2005 when it filed its Motion for Summary Judgment. There is no unfairness or reason necessitating that Defendant be hijacked into giving Plaintiff extra time, just so that Defendant may receive four additional days it rightly deserves in order to respond to and compensate for the disadvantage of having received Plaintiff's Concise Statement of Facts so late. Plaintiff should not be rewarded for breaking the Rules. Prior to Defendant receiving Plaintiff's Motion for Leave to File a concise statement of facts, Defendant was preparing and drafting its opposition to Plaintiff's summary judgment papers as if no concise statement of material facts had been filed. Defendant must now scrap that work and begin anew in light of Plaintiff's late filing. Consequently, a request for four additional days to respond to Plaintiff's Motion for Partial Summary Judgment is both reasonable and merited, given these

circumstances. Alternatively, Defendant notes opposition to the late filed Motion for Leave to File a concise statement of material facts and requests the Court deny leave to file Plaintiff's Concise Statement of Material Facts.

A Proposed Form of Order is attached hereto.

Respectfully submitted,

BLANK ROME LLP

Dated: October 5, 2005          By: _____
                                Timothy D. Pehsenye
                                PA I.D. 51339
                                BLANK ROME LLP
                                One Logan Square
                                Philadelphia, PA 19103-6998
                                (215) 569-5500
                                Counsel for Defendant,
                                Electralloy, a division of G.O. Carlson, Inc

Emily Barnhart, Esquire
PA I.D. 84895
Jennifer L. Miller, Esquire
PA I.D. 91808
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103

3

022664.00115/11473494v.1

## CERTIFICATE OF SERVICE

I, Emily J. Barnhart, hereby certify that on this 5th day of October, 2005, a true and correct copy of the foregoing MOTION FOR EXTENSION OF TIME was served on the attorneys for Plaintiff by Federal Express, addressed as follows:

>Lynn J. Alstadt, Esquire
>Bryan H. Opalko, Esquire
>BUCHANAN INGERSOLL PC
>One Oxford Centre
>301 Grant Street
>Pittsburgh, Pennsylvania 15219

_____
EMILY J. BARNHART

022664.00115/11473494v.1