IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-197(E) |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., | ) | Judge Cohill |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSIVE CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

In opposition to Plaintiff Haynes International, Inc.'s ("Haynes" or "Plaintiff") Motion for Partial Summary Judgment on Counts I and II of its Complaint and in accordance with Local Rule of Civil Procedure 56.1(C), Defendant Electralloy, a Division of G.O. Carlson, Inc. ("Electralloy" or "Defendant"), responds to Plaintiff's concise statement of facts below.

Directly following Defendant's response to Plaintiff's statement of facts, Defendant submits Defendant's Additional Material Facts ("DAMF") in numbered paragraphs in accordance with Local Rule 56.1(C)(1)(c). These facts are relevant to a determination of Plaintiff's Motion. Documents cited in the DAMF are contained in Defendant's Opposing Appendix of Exhibits ("Def.'s Opp. App. ___"), which is being filed contemporaneously herewith.

Defendant also relies herein upon its Concise Statement of Undisputed and Material Facts [Docket No. 19] ("DSOF at ¶ ___") and supporting Defendant's Appendix of Exhibits [Docket Nos. 23 and 26] ("Def.'s App. ___"), which were submitted in support of Defendant's Motion for Summary Judgment.

**RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF FACTS**

1. Admitted in part and denied in part. Defendant denies all the statements in Paragraph 1 as they are unsupported by citation to admissible evidence of record and merely contain citations to the declaration of Plaintiff's employee, Paul Manning, which itself is not supported by one citation to any evidence of record.

Defendant denies that Plaintiff is a leading developer of specialty alloys, or that this statement is material. Defendant admits only that: (i) Plaintiff manufactures a corrosion resistant nickel alloy, namely, C-22; (ii) the evidence of record reflects that Plaintiff's C-22 is sold to end users and fabricators in the chemical processing, waste treatment, environmental, land based gas turbine, pharmaceutical, and flue gas desulphurization industries; and (iii) Plaintiff's C-22 is corrosion resistant. DSOF at ¶¶ 4, 16-17.

2. Admitted in part and denied in part. Defendant denies all the statements in Paragraph 2 as none are supported by citation to evidence of record, as required by the Local Rules.

Defendant denies that the development of C-22 and whether C-22 was patented are material to claims of *trademark* infringement. Defendant admits only that Plaintiff's C-22 contains 22% chromium.

3. Admitted in part and denied in part. Defendant denies all the statements in Paragraph 3 that are allegedly supported by the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant denies Plaintiff's first use of C-22 as a trademark was in 1984. There is no evidence in the record to substantiate the same. Plaintiff's own evidence belies this statement. Plaintiff's trademark registration for C-22 states a date of first use of October 29, 1987. DSOF at ¶ 28; Def.'s App. 7. While Plaintiff may have begun selling "HASTELLOY® alloy C-22" in

2

1984, this does not evidence trademark use of "C-22." Rather, Plaintiff and third parties were using C-22 as a noun and product name. DSOF at ¶¶ 24-26; Def.'s App. 1, 29-30. It was not until several years later, at the end of 1987, that Plaintiff first disseminated an internal memorandum stating the intention to attempt to establish trademark rights in "C-22." DSOF at ¶ 27; Def.'s App. 2. The evidence further reflects that Plaintiff refers to this alloy as "HASTELLOY C-22," not "C-22," and that C-22 is almost exclusively used in conjunction with the house marks HASTELLOY, HAYNES and CABOT. DSOF ¶¶ 34-36; Def.'s App. 13. The only proof Plaintiff provided of alleged United States sales of C-22 consists of a one page chart of summary figures that are wholly unsubstantiated. Def.'s App. 52. Defendant denies that "C-22" is roller marked in ink on most forms of Plaintiff's alloy, or that there is evidence of record regarding when such practice began.

4. Denied. Defendant denies all the statements in Paragraph 4 that are allegedly supported by the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant denies that Plaintiff's C-22 is "widely used." There is no evidence of record supporting such statement. Defendant denies that Plaintiff's C-22 is a "successful product." There is no evidence of record supporting such statement. Plaintiff's Exhibit G does not substantiate the statements in Paragraph 4.

5. Admitted in part and denied in part. Defendant denies all the statements in Paragraph 5 as they are supported by the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant admits only that the Unified Numbering System is used by those in the specialty metals industry to identify the nominal composition of alloys, and that Plaintiff's alloy

3

C-22 satisfies the specifications of UNS. No. N06022. Defendant denies that statements regarding patents held or previously held by Plaintiff are material to Plaintiff's *trademark* infringement claim.

6. Admitted in part and denied in part. Defendant denies that Plaintiff has provided any evidence whatsoever substantiating any of the statements contained in Paragraph 6. The statements in Paragraph 6 merely contain a citation to the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant admits that Plaintiff holds a trademark registration for C-22. Defendant denies the materiality of Plaintiff's statements regarding incontestability, given that Plaintiff's C-22 has become generic.

7. Admitted in part and denied in part. Defendant denies all the statements in Paragraph 7 as they are unsupported by citation to admissible evidence of record and merely contain citations to the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant denies the materiality of technical papers, as there is no evidence these papers exist, that they show trademark use of "C-22" or that the technical papers reference any affiliation or association of the trademark C-22 with Plaintiff. Defendant further denies that Plaintiff has any evidentiary proof that: (i) it commenced using C-22 as a trademark in 1984; (ii) advertises in trade publications; or (iii) that it promotes C-22 at 6-8 trade shows a year. To the contrary, the evidence of record demonstrates that Plaintiff's advertising of C-22 is minimal or non-existent. DSOF ¶¶ 37-38.

8. Denied. Defendant denies all the statements in Paragraph 8 as they are unsupported by citation to admissible or relevant evidence of record, and are supported solely by

4

citations to conclusory statements in the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant denies that Plaintiff's *wordwide* sales are material or relevant to this trademark infringement suit. Defendant denies that Plaintiff spends $10,000 per year advertising C-22. Defendant denies that the C-22 mark is "well known among purchasers" and that it is "a strong mark," as these statements are wholly unsupported by any evidence whatsoever. The cited statements of Plaintiff's employees do not constitute evidence supporting these contentions. Further, Plaintiff's own evidence and testimony reflects that its advertising related to C-22 is minimal, at best. DSOF ¶¶ 37-38.

9. Denied. Defendant denies all the statements in Paragraph 9 as they are unsupported by citation to admissible evidence of record and merely contain citations to the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant denies the misleading implications created by Plaintiff's statement, "Haynes sells to service centers who will sell the alloy in lesser amounts." Plaintiff's testimony reflects that the referenced "service centers" are Haynes' facilities, sell only Haynes alloys, and are the only means (other than an occasional direct Haynes mill order) through which all Haynes' customers can place orders for and purchase Haynes' alloys. DSOF ¶¶ 5-10. The price of and purchase amounts of the Parties' respective UNS N06022-compliant alloys is costly. DSOF ¶¶ 8, 60; Def.'s App. 48, 52. Defendant denies that statements regarding what Plaintiff's customers do with C-22 once they purchase it from Haynes is relevant or material to Haynes' Motion, and denies the same as unsupported by evidence of record.

10. Denied. Defendant denies the statements in Paragraph 10 as wholly unsupported. Defendant unequivocally denies that "[c]ustomers and potential customers view C-22 as

022664.00115/11472413v.1


exclusively designating Haynes as the source of alloy products having a composition within UNS No. N06022." Plaintiff provides no admissible evidence of record relating to how customers understand the mark. Statements by Plaintiff's employee, Mr. Laird, to this effect do nothing to prove what customers understand. Nor does the deposition testimony of Defendant's employee, Mark Lewis, support Plaintiff's assertion. Mr. Lewis stated that he became aware that "C-22 is a Haynes alloy" only through the lawsuit. Regardless, even that statement is wholly unrelated to how "customers and potential customers" view C-22. Indeed, the evidence of record proves that "C-22" is a generic term in the specialty metals industry used to refer to any alloy satisfying UNS N06022 specifications. DSOF ¶¶ 26, 33, 42-45.

11.   Denied.

Defendant denies the generalized statements regarding Electralloy as immaterial to Plaintiff's Motion. By way of further answer, information regarding Electralloy and Electralloy's EC22 product may be found at DSOF ¶¶ 50-55.

12.   Denied. Defendant denies that the statements contained in Paragraph 12 are material to Plaintiff's Motion. Defendant denies the statements contained in Paragraph 12 as untrue, and as unsupported by the citations to deposition testimony of Defendant's witnesses.

Defendant denies knowledge of "C-22 trademark." Def.'s App. 44, at pp. 21-22; Def.'s App. 45, at pp. 19. The evidence of record reflects that Defendant adopted EC22 in good faith: (1) to build on the already existing consumer association between Electralloy and goods bearing prefix "EC"; and (2) to expressly communicate that the product complies with UNS N06022 specifications. DSOF at ¶¶ 51, 61. Defendant denies that it uses "C22". <u>See</u> <u>infra</u> Def.'s Statement of Additional Material Facts, at ¶¶ 1-12. Defendant admits that it began manufacturing an alloy satisfying UNS N06022 specifications after being approached with a

specific request of a customer who was unable to find a manufacturer of the alloy in the form the customer desired. Def.'s App. 44 at pp. 13-16; Def.'s App. 43 at pp. 15-16.

13.  Admitted in part and denied in part.

Plaintiff admits these allegations, except refers the Court to Def.'s App. 46 or Def.'s Opp. App. A at Tab 2, pp. 3-4 for copies of Defendant's EC22 brochure.

14.  Admitted in part and denied in part. The statements in Paragraph 14 are denied as either entirely unsupported, not supported by the citations contained therein, or as immaterial. The deposition testimony of Defendant's employee, Mark Lewis, does not support the assertions in Paragraph 14.

Statements regarding GOC22 are not material to Plaintiff's Motion. Further, Defendant denies that Plaintiff asked for sales information regarding GOC22. Statements regarding Plaintiff's Exhibit B to its Complaint are immaterial to Plaintiff's Motion. See Def.'s Statement of Additional Material Facts, supra at ¶¶ 1-10 (for evidence relating to Defendant's Capabilities Sheet). The record also reflects that Electralloy does not use C22. Id. at ¶¶ 1-11. Defendant admits that it uses the designation EC22 to refer to its alloy satisfying UNS N06022 specifications.

15.  Admitted in part and denied in part. Defendant denies that the statements in Paragraph 15 are material to Plaintiff's Motion. Defendant denies all the statements in Paragraph 15 as they are unsupported by citation to admissible evidence of record and merely contain citations to the Manning Decl., which itself is not supported by one citation to any evidence of record.

Defendant denies use of C22. See Def.'s Statement of Additional Material Facts, supra at ¶¶ 1-12. Defendant admits that it uses the designation EC22 to refer to its alloy satisfying UNS

N06022 specifications, however, Defendant denies that such use constitutes trademark infringement or that a likelihood of confusion is caused as a result of such use. Defendant denies that its EC22 product is "the same alloy composition as Haynes' alloy C-22."

16. Admitted in part and denied in part.

Defendant admits that Mr. Lewis testified to the truth –the brief inclusion of "C22" on the Capabilities Sheet was a typographical error. See Def.'s Statement of Additional Material Facts at ¶¶ 11. Defendant denies that the Capabilities Sheet bearing the typographical error C22 was still viewable through Electralloy's website on August 19, 2005 or that it is being used by Electralloy. Id. at ¶¶ 1-12.

17. Admitted in part and denied in part. Defendant denies the statements contained in Paragraph 17 as immaterial, unsupported, or as referencing citations which do not support the statement for which they are cited.

Plaintiff provides no support for the assertion that Electralloy has sold to Haynes' customers, and such statement is denied. Further, such statement is denied as immaterial to Plaintiff's Motion. Defendant further denies that it filled any purchase orders with C22. See Def.'s Statement of Additional Material Facts at ¶¶ 1-12. Defendant denies that Electralloy's documents related to customer orders are material to the determination of whether Electralloy's customers were confused. The evidence shows that none of its customers have been confused. DSOF at ¶¶ 68-72. Customer's references to Alloy 22 or Alloy C-22 on their purchase orders are evidence that the C-22 mark is a generic term used in the industry to refer to an alloy satisfying UNS N06022. Def.'s App. 41 at ¶ 7; Def.'s App. 42 at ¶ 7. Paragraph 14 of the Manning Decl. does not assert that Electralloy's activities "will continue to cause great and irreparable harm to Haynes," as indicated in Paragraph 17, but merely states, "Haynes *could*

suffer irreparable damage."

**DEFENDANT'S ADDITIONAL MATERIAL FACTS**

1. Eugene Hynes, Electralloy's Senior Programmer, is responsible for the content and maintenance of Electralloy's website (www.electralloy.com). Def.'s Opp. A., at ¶ 2 (Declaration of Eugene Hynes).

2. Electralloy's website has a "Capabilities" section, which contains a two-page sheet listing Electralloy's "Alloys and Capabilities" (hereinafter, the "Capabilities Sheet") Id. at ¶ 3.

3. The Capabilities Sheet, which is dated August 28, 2001, contains a reference under the "Electrode Slag Remelt (ESR)" section to "EC22." Id.

4. Those viewing Electralloy's website may also download a PDF version of each page of the same two-page Capabilities Sheet embedded within the Capabilities section of Electralloy's website. Id.

5. As indicated in Electralloy's website, the content of the Capabilities section of Electralloy's website, including the two-page Capabilities Sheet referencing "EC22" was last updated April 03, 2003. Id. at ¶ 4.

6. Whenever Mr. Hynes updates portions of Electralloy's website, he also updates the information at the bottom of the section indicating the last modification of that portion of the website. Id. at ¶ 5.

7. The new and most up-to-date version of Electralloy's Capabilities Sheet, which references EC22 (not C-22), has been available on Electralloy's website since at least as early as

9

April 3, 2003. Id.

8. Electralloy's website also contains a "Data Bulletins" section which includes downloadable, PDF versions of various Electralloy bulletins. Id. at ¶ 6.

9. There are no bulletins on Electralloy's website related to C22. There is a bulletin entitled, "Nickel-Based High Performance Alloy EC22 Product Data Bulletin" (hereinafter, the "EC22 Bulletin"). Id. at ¶ 7.

10. The EC22 Bulletin, which is dated August 1, 2003, has been available on the Data Bulletins section of Electralloy's website since at least as early as August 3, 2003. Id. at ¶¶ 8-9.

11. The brief inclusion of "C22" on the Capabilities Sheet was a typographical error. Upon discovery, this error was rectified and employees were told to cease use of the old Capabilities Sheet and to use only the new sheet dated August 28, 2001. See Def.'s App. 43, at pp. 41-43; Def.'s App. 45, at pp. 45, 78-80.

12. The first sale of EC22 occurred in 2002, well after the introduction of the revised Capabilities Sheet in August 2001. See Def.'s App. 44, at p. 13; Def.'s App. 55, at p. 2.

Respectfully submitted,

**BLANK ROME LLP**

Dated: October 14, 2005   By: *[signature]*
Timothy D. Pecsenye
Dennis P. McCooe
Emily J. Barnhart
One Logan Square
Philadelphia, PA 19103
(215) 569-5619
Attorneys for Defendant

10

# CERTIFICATE OF SERVICE

I, Emily J. Barnhart, hereby certify that on this 14th day of October, 2005, a true and correct copy of the foregoing DEFENDANT'S RESPONSIVE CONCISE STATEMENT OF FACTS was served on the attorneys for Plaintiff by Federal Express, addressed as follows:

> Lynn J. Alstadt, Esquire
> Bryan H. Opalko, Esquire
> BUCHANAN INGERSOLL PC
> One Oxford Centre
> 301 Grant Street
> Pittsburgh, Pennsylvania 15219

EMILY J. BARNHART