IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-197(E) |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ELECTRALLOY, a Division of G.O. ) | |
| CARLSON, INC., ) | Judge Cohill |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSIVE CONCISE STATEMENT OF FACTS IN OPPOSITION TO THE ADDITIONAL FACTS SUBMITTED WITH PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule of Federal Procedure 56.1(D), Defendant Electralloy submits this response to the alleged Additional Material Facts submitted by Plaintiff, Haynes International, Inc. in opposition to Defendant's Motion for Summary Judgment.

Defendant incorporates herein Defendant's Additional Material Facts (" Def.'s DAMF at ¶¶ __") [Docket No. 37] and the documents cited in Defendant's Opposition Appendix of Exhibits ("Def.'s Opp. App.__") [Docket No. 37], which were submitted in Opposition to Plaintiff's Motion for Partial Summary Judgment.

### RESPONSE TO PLAINTIFF'S ALLEGED ADDITIONAL MATERIAL FACTS

73.     Admitted in part and denied in part.

Statements regarding GOC22 and C22 are not relevant or material to Defendant's Motion. The record reflects that Electralloy does not use C22. See Def.'s DAMF at ¶¶ 1-12. Defendant admits that it uses the designation EC22 to refer to its alloy satisfying UNS N06022 specifications.

74.     Denied. Defendant denies that the statements in Paragraph 74 are material to

Defendant's Motion. Defendant denies all the statements in Paragraph 74 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

75.     Denied. Defendant denies that the statements in Paragraph 75 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 75 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

76.     Denied. Defendant denies that the statements in Paragraph 76 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 76 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

77.     Denied. Defendant denies that the statements in Paragraph 77 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 77 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

78.     Denied. Defendant denies that the statements in Paragraph 78 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 78 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

79.     Denied. Defendant denies that the statements in Paragraph 79 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 79 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

022664.00115/11472413v.1

80. Denied. Defendant denies that the statements in Paragraph 80 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 80 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

81. Admitted in part and denied in part. Defendant denies all the statements in Paragraph 81 that are not supported by evidence of record.

Defendant admits that in response to Plaintiff's cease and desist letter, J. M. Canty, Inc. wrote:

> We have read your letter and looked into the use of C22 in our literature. . . .We use the industry accepted name C22 in our literature. If Haynes was our only and exclusive supplier then we would use the C-22 registered trademark. But to use it at this time it would be false advertising since we also use other sources.

82. Denied. Defendant denies that the statements in Paragraph 82 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 82 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

83. Denied. Defendant denies that the statements in Paragraph 83 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 83 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

84. Denied. Defendant denies that the statements in Paragraph 84 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 84 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

85. Denied. Defendant denies that the statements in Paragraph 85 are material to

Defendant's Motion. Defendant denies all the statements in Paragraph 85 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

86.     Denied. Defendant denies that the statements in Paragraph 86 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 86 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

87.     Denied. Defendant denies that the statements in Paragraph 87 are material to Defendant's Motion. Defendant denies all the statements in Paragraph 87 that are not supported by evidence of record. The documents attached to the 2nd Manning Decl. speak for themselves, and characterizations thereof by Plaintiff are therefore denied.

88.     Denied. Defendant denies that the statements in Paragraph 88 are material or relevant to Defendant's Motion. Defendant denies that the document referenced in Paragraph 88 proves the factual allegation for which it is cited.

Respectfully submitted,

**BLANK ROME LLP**

Dated: October 18, 2005            By: _____
Timothy D. Pecsenye
Dennis P. McCooe
Emily J. Barnhart
One Logan Square
Philadelphia, PA  19103
(215) 569-5619
Attorneys for Defendant

4

022664.00115/11472413v.1

## CERTIFICATE OF SERVICE

I, Emily J. Barnhart, hereby certify that on this 18th day of October, 2005, a true and correct copy of the foregoing DEFENDANT'S RESPONSIVE CONCISE STATEMENT OF FACTS was served on the attorneys for Plaintiff by Federal Express, addressed as follows:

>    Lynn J. Alstadt, Esquire
>    Bryan H. Opalko, Esquire
>    BUCHANAN INGERSOLL PC
>    One Oxford Centre
>    301 Grant Street
>    Pittsburgh, Pennsylvania 15219

*[signature]*
EMILY J. BARNHART