IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-197(E) |
| v. | ) ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation, | ) ) ) ) ) | Judge Cohill |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S ADDITIONAL
MATERIAL FACTS INCLUDED IN ITS RESPONSIVE
CONCISE STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT
OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Haynes International, Inc. ("Plaintiff" or "Haynes"), identifies the additional facts set forth in Defendant's Responsive Concise Statement of Facts in Opposition to Plaintiff's Statement of Facts in Support of Its Motion for Partial Summary Judgment which are disputed or not disputed and which are material or not material to Plaintiff's Motion for Partial Summary Judgment in like numbered paragraphs as follows:

**Plaintiff's Responses to Defendant's Additional Material Facts**

1.     Disputed and not material. Eugene Hynes has never before been identified by Electralloy as an individual having knowledge concerning the claims or defenses in this lawsuit. Mr. Hynes was not identified in Electralloy's Rule 26(a)(1) disclosure statement, nor was Mr. Hynes identified by Electralloy in response to Haynes' Rule 30(b)(6) deposition request for

persons with knowledge of "Advertisements, brochures, technical papers, web pages, shipping documents and/or packaging relating to Defendant's use of EC22."  Further, Mr. Hynes was not identified in any of Electralloy's answers to Haynes' interrogatories or document requests as an individual having knowledge of Electralloy's use of its alloy designations.  Electralloy's use of C22 on its capabilities sheet was made an issue in this case from the very beginning.  Haynes attached a copy of an Electralloy capability sheet as Ex. B to its Complaint.  Other than the self-serving statement of Mr. Hynes, there is no evidence supporting this statement.  Moreover, the identity of Electralloy's senior programmer and who is responsible for the content of Electralloy's website is not material to the claims of this lawsuit for deciding summary judgment.  What is material is the fact that Electralloy has used C22 on its website for an alloy composition with UNS No. N06022 up to at least August 30, 2005.  (Ex. B; Ex. J; Ex. H; Flower Dep., p. 46).

      2.      Undisputed to the extent that Electralloy's website has a capabilities section, and material.  To the extent this statement infers that the only capabilities sheet available on Electralloy's website is the one at Tab 1 to the Hynes declaration, this statement is emphatically disputed and directly contradicted by the evidence of record.  (*See* Ex. B; Ex. J; Ex. H, Flower Dep., p. 46).

      3.      Undisputed to the extent that Page 3 of Tab 1 to the Hynes' declaration includes a reference to "EC22" under a heading "Electrode Slag Remelt (ESR)".  To the extent that this statement infers that this capabilities sheet provided at Tab 1 to the Hynes' declaration is and was the only capabilities sheet used by Electralloy on its website from August 28, 2001 to the present, this statement is emphatically denied.  In fact, Lee Flower of Haynes accessed Electralloy's website on August 30, 2005 and accessed Electralloy's capabilities sheet which included a reference to "C22" under the heading "Electrode Slag Remelt (ESR)".  (Ex. J; Ex. H,

Flower Dep. p. 46). Ex. J is the same capabilities sheet that was available on Electralloy's website on July 17, 2004 and prior thereto. (Ex. B).

This statement is also disputed to the extent the August 28, 2001 date can be relied upon as accurate. Page 4 of the capabilities sheet (Tab 1 to the Hynes declaration) indicates a last modified date of April 3, 2003. It should logically follow that the date of the capabilities sheet should be the same as the last modified date. However, it is not. Therefore, there is no way to tell which date is accurate as to the content of Electralloy's capabilities sheet on a given date. The only reliable date is the computer-applied date at the bottom right-hand corner when a page is printed from Electralloy's website.

4. Undisputed to the extent that Pages 2 and 3 of Tab 1 to the Hynes' declaration each appear to include a link to download the respective capabilities sheet in .pdf format, and not material. Whether or not Electralloy's capability sheet which appears on its website can be downloaded in .pdf is not material in deciding summary judgment.

5. Undisputed to the extent that Page 4 of Tab 1 to the Hynes' declaration includes a statement "Last modified: April 3, 2003", and not material. This statement is disputed to the extent that Electralloy alleges that the content of the capabilities section on Electralloy's website, including the capabilities sheets attached as Tab 1 to the Hynes declaration, was last updated or modified on April 3, 2003. As previously discussed with respect to Defendant's Statement 3, neither the April 3, 2003 date nor the August 28, 2001 date appearing in Tab 1 to the Hynes declaration can be relied upon as accurate with respect to the availability of the capabilities chart in which C22 appears.

6. Disputed and not material. Other than the self-serving statement of Mr. Hynes, there is no evidence supporting this statement. Moreover, the statement assumes that <u>every</u> time

Mr. Hynes has updated a portion of Electralloy's website, he has updated the section indicating the last modification of that portion of the website. There is no evidence of record indicating or suggestion that Mr. Hynes has performed such actions, nor is there any evidence of record that each section of Electralloy's website includes a "last modified" section. Furthermore, as previously noted with respect to Defendant's Statement 3, neither the April 3, 2003 date nor the August 28, 2001 date appearing in Tab 1 to the Hynes declaration can be relied upon as accurate. In any event, whether or not Mr. Hynes updates a "last modified" section when updating portions of Electralloy's website is not material in deciding summary judgment.

       7.       Disputed and material. Disputed to the extent that Electralloy is inferring that only the capabilities sheet referenced at Tab 1 to the Hynes' declaration has been available on Electralloy's website since at least as early as April 3, 2003. The capabilities sheet identified as Exs. B and J by Plaintiff has also been available on Electralloy's website up to at least August 30, 2005. (Ex. B; J; Ex. H, Flower Dep. p. 46). Both Ex. B and Ex. J use the designation "C22". (Ex. B; Ex. J). Exs. B and J, in the lower right hand corner of the border, appear to have a creation date in the 1998-1999 time frame. (Defendants' App. 45, Lewis Dep., p. 26; Ex. B; Ex. J). Regardless of its creation date, which cannot be relied upon as accurate, the footer at the bottom of each of Exs. B and J is clear proof of the date that page was available on Electralloy's website and printed therefrom. These computer-generated dates clearly show that Electralloy was using C22 on July 15, 2004 (Ex. B) and August 30, 2005 (Ex. J). One can, and should, reasonably infer that such use also occurred between those dates. Electralloy's only response is to deny, without one shred of evidence, that it ever used C22 in spite of the insurmountable evidence to the contrary.

8.       Undisputed to the extent that Tab 2 to the Hynes declaration appears to be a data bulletin taken from Electralloy's website which includes hyperlinks to various data bulletins; one such bulletin being an "EC22 Product Data Bulletin", and material.

9.       Disputed and material.  The Hynes declaration cited to support the statement does not say, "[t]here are no bulletins on Electralloy's website related to C22."  This telling omission demonstrates that the statement is not true.  As the record clearly shows, Electralloy has used C22 in its capabilities sheet that is found on Electralloy's website.  (Ex. B; Ex. J).  Such use occurred up until at least August 30, 2005.  (Ex. J; Ex. H, Flower Dep., p. 46).  The statement is undisputed to the extent that Page 1 of Tab 2 to the Hynes declaration appears to include a hyperlink that reads "Click Here To View or Download the Nickel-Based High Performance Alloy EC22 Product Data Bulletin In .PDF Format", and that pages 3-4 of Tab 2 to the Hynes declaration appear to be an Electralloy document entitled "Nickel-Based High Performance Alloy EC22 (UNS N06022)".

10.      Disputed and material.  Disputed to the extent that Electralloy alleges that its EC22 bulletin, dated August 1, 2003 (Pages 3-4 of Tab 2 to the Hynes declaration), has been available on the data bulletin section of Electralloy's website since at least as early as August 3, 2003.  Exhibits B and J contradict the statement.  As previously discussed with respect to at least Defendant's Statement 3, dates such as the one appearing on page 4 of Tab 2 cannot be relied upon as accurate.

11.      Disputed and material.  Electralloy refers to a "brief inclusion" of C22 on its capabilities sheet.  However, this "brief inclusion" occurred possibly for over six (6) years and, in any event, up until at least August 30, 2005.  (Ex. B; Ex. J; Ex. H, Flower Dep. p. 46).  The cited deposition testimony does not say there was a typographical error.  In fact, neither witness

knew how the alleged error occurred.  Mr. Weaver testified, "Just human error.  I mean it was not done intentionally."  (Defendant's App. 43, Weaver Dep., p. 42).  Mr. Lewis testified, "Q. Do you know how the error occurred?  A:  No, sir, I do not."  (Defendant's App. 45, Lewis Dep., p. 80).

      12.    Disputed and material.  Neither record reference cited to support the statement contains any of the stated information.  Exhibit J, page 1, is a purchase order dated October 8, 2002, for "INGOT-SLAB IN MATERIAL ALLOY C-22."  This is consistent with Electralloy's use of C22, not EC22.  Moreover, Exhibits B and J demonstrate Electralloy had available on its website a capabilities sheet using the reference C22 that was available to the public up until at least August 30, 2005.  (Ex. B; Ex. J; Ex. H, Flower Dep., p. 46).

      Respectfully submitted,

      BUCHANAN INGERSOLL PC

Dated:  October 21, 2005      By:  */s/ Bryan H. Opalko*
      Lynn J. Alstadt
      Pa. I.D. No. 23487
      Bryan H. Opalko
      Pa. I.D. No. 86721
      BUCHANAN INGERSOLL PC
      301 Grant Street, 20th Floor
      Pittsburgh, PA  15219-1410
      Phone:  412-562-1632
      Fax:  412-562-1041
      Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of October, 2005, a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S ADDITIONAL MATERIAL FACTS INCLUDED IN ITS RESPONSIVE CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT was served on the attorneys for Defendant by overnight courier addressed as follows:

> Timothy D. Pecsenye, Esquire
> Emily Barnhart, Esquire
> Jennifer L. Miller, Esquire
> BLANK ROME LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA  19103

> /s/ Bryan H. Opalko
> Bryan H. Opalko