**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation, | ) | |
| Plaintiff, | ) | Civil Action No. 04-197(E) |
| v. | ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation, | ) | Judge Cohill |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, Haynes International, Inc. ("Plaintiff" or "Haynes"), by its undersigned attorneys, Buchanan Ingersoll PC, brings this Motion to ask this Honorable Court to compel Defendant, Electralloy, a division of G. O. Carlson, Inc. ("Defendant" or "Electralloy"), to respond to Haynes' outstanding discovery requests. In support thereof, Haynes avers as follows:

1. This is an action for trademark infringement of Haynes' federally registered trademark "C-22" used by Haynes for a corrosion resistant metal alloy that is used in the chemical, petroleum, pharmaceutical, waste treatment, electrical power generation and other industries in products that are exposed to corrosive liquids and gases. There are related claims for unfair competition, dilution and violation of § 43(a) of the Lanham Act.

2. On October 19, 2004, Haynes served upon Electralloy Plaintiff's First Set of Interrogatories, Nos. 1-12, and Plaintiff's First Request for Production of Documents, Nos. 1-11.

3. Plaintiff's First Set of Interrogatories requested, among other things, the following information:

**Interrogatory No. 1(b):**

(b) Identify who at Electralloy was responsible for the decision to adopt "C22" and "EC22".

**Interrogatory No. 2(a):**

With regard to Electralloy's sale of alloy products under "C22" and "EC22":

(a) State the total dollar volume of sales by year and product form (e.g., ingot, pig, billet, bar, coil, rod, welded wire, etc.) in the United States for alloy products sold under "C22" and "EC22" for each year since their introduction to the market and the price at which the products were sold.

**Interrogatory No. 2(d):**

With regard to Electralloy's sale of alloy products under "C22" and "EC22":

(d) Identify Electralloy's profit from the sale of alloy products bearing "C22" and "EC22".

4. Plaintiff's First Request for Production of Documents requested, among other things, the following items:

**Request No. 1:**

All documents and things that were identified in answer to, and/or provide a factual basis for the statements made in response to, Plaintiff's First Set of Interrogatories, Nos. 1-12.

5. On November 22, 2004, Defendant responded to Plaintiff's First Set of Interrogatories as follows:

**Interrogatory No. 1(b):**

**Response:**

Subject to the General and Specific Objections, Defendant objects to this Interrogatory as overbroad, vague and unduly

burdensome. By way of further response, this Interrogatory seeks information not reasonably calculated to lead to the production of admissible evidence. Subject to the entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information.

**Interrogatory No. 2(a):**

**Response:**

Subject to the General and Specific Objections, Defendant objects to this Interrogatory as overbroad, vague and unduly burdensome. By way of further response, this Interrogatory seeks proprietary trade secret information not reasonably calculated to lead to the production of admissible evidence. Subject to entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information.

**Interrogatory No. 2(d):**

**Response:**

Subject to the General and Specific Objections, Defendant objects to this Interrogatory as overbroad, vague and unduly burdensome. By way of further response, this Interrogatory seeks proprietary trade secret information not reasonably calculated to lead to the production of admissible evidence. Subject to entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information.

6. On November 22, 2004, Defendant responded to Plaintiff's First Request for Production of Documents as follows:

**Request No. 1:**

**Response:**

Subject to the General and Specific Objections, and without waiving the same, responsive documents, if any, will be made available for inspection and copying at Blank Rome LLP.

7. To date, Defendant has not provided substantive answers to the above-identified Interrogatories, nor has Defendant produced responsive documents or indicated, under oath, that responsive documents do not exist.

**Sales Figures - Interrogatory No. 2(a) / Document Request No. 1**

8. Defendant has never answered Plaintiff's Interrogatory No. 2(a), which requested that Defendant state the total dollar volume of sales by year and product form in the United States for alloy products sold under "C22" and "EC22" for each year since their introduction to the market and the price at which the products were sold. Defendant has provided no indication of how this Interrogatory is "overbroad, vague and unduly burdensome", as Defendant alleges in its answer, nor has Defendant provided any rationale for its statement that "this Interrogatory seeks information not reasonably calculated to lead to the production of admissible evidence."

9. Defendant has produced purchase orders and invoices (EC0001 - EC0083) which Defendant alleges can be used to calculate the total sales volume. However, the initial documents provided by Defendant were incomplete, and Defendant has refused to verify under oath that the documents produced constitute all of the sales of Defendant's C22 and EC22 alloy products.

10. After the initial production of documents of Defendant, Plaintiff took the deposition of Wayne Weaver, Vice President of Sales at Electralloy. Mr. Weaver testified that the documents which were produced (EC0001 - EC0083) were not a complete set. Mr. Weaver testified that there was a later sale that was not included in the documents. (Ex. 1, Weaver Dep., pgs. 22-23).

11. Plaintiff also took the deposition of Mark Lewis, Sales Manager for Melt Products at Electralloy. When Mr. Lewis was provided with documents EC0001 - EC0083, Mr. Lewis

testified that he could not derive total sales numbers from these documents. (Ex. 2, Lewis Dep., pgs. 48-50). Additionally, Mr. Lewis could not testify if the documents represented all Electralloy sales of C22 and EC22 alloy. (Ex. 2, Lewis Dep., pgs. 51-52).

12. In fact, during the deposition of Mr. Lewis, Emily Barnhart, counsel for Defendant, admitted that Defendant did not provide Plaintiff with the requested dollar volume of sales. (Ex. 2, Lewis Dep., pg. 53).

13. After Plaintiff received documents regarding the non-included later sale, Plaintiff produced a sales chart of all sales it was able to determine from the produced invoice and purchase orders (EC0001 - EC0083). A copy of this sales chart is attached hereto as Exhibit 3.

14. Plaintiff presented this sales chart (Ex. 3) to Defendant, requesting that Defendant verify under oath that the sales chart lists the total sales of Electralloy's C22 and EC22 alloy, or, if the chart was incorrect, to provide the correct sales information. In response, Defendant's attorney, Emily Barnhart, replied that they did not have to do that.

15. Plaintiff is entitled to know the total dollar sales volume of alloys sold by Electralloy under its C22 and EC22 designation. This information is directly related to damages, and is specific and relevant information related to this lawsuit. Plaintiff is entitled to an answer to its Interrogatory 2(a) verified under oath. Defendant should be required to verify either that the chart provided by Plaintiff (Ex. 3) lists all sales made by Electralloy of its C22 and EC22 alloys. In the alternative, Defendant should be required, to the extent that the chart includes deficiencies, to correct and complete the chart, producing related documentation with respect to Electralloy's sales of its C22 and EC22 alloy, and verify under oath that the amended chart is correct and complete.

16. Defendant's blatant refusal to provide this information is in direct conflict with the rules of discovery. Defendant should be sanctioned for its conduct in forcing Plaintiff to bring this Motion for an answer to an Interrogatory and Document Request that should be readily available to Defendant.

**Electralloy's Profits - Interrogatory No. 2(d) / Document Request No. 1**

17. Defendant has never produced any documents that were relied upon to determine profits, nor has Defendant ever verified that such documents do not exist. Such documents obviously exist and Defendant should be required to produce such documentation.

18. On September 28, 2005, Defendant amended its answer to Interrogatory 2(d) to state that: "it believes its profit margin for sales of EC22 is approximately 5-20%." However, Defendant has produced no documents that provide a factual basis for this profit margin. Such documents were clearly requested in Plaintiff's Document Request No. 1.

19. In its answer to Interrogatory 2(d), Defendant indicated that it would produce responsive, non-privileged documentation. Defendant has failed to do so.

20. During the deposition of Tracy Rudolph, President and COO at Electralloy, Mr. Rudolph testified how he would go about calculating the profit for the sale of this particular alloy. (Ex. 4, Rudolph Dep., pgs. 29-30). The process that Mr. Rudolph referred to did not refer to any of the documents produced as document numbers EC0001 - EC0083, nor did it refer to any documents produced by Defendant. (Ex. 4, Rudolph Dep., pgs. 29-30).

21. Plaintiff is entitled to the requested documents that provide a factual basis for determining Defendant's profit margin for alloys sold under Defendant's C22 and EC22 designations. This information is directly related to damages, and is specific and relevant information related to this lawsuit. Defendant should be required to produce the requested

documents, as it said it would do. Moreover, Defendant should be prohibited from introducing at trial any documents or other evidence not produced during discovery, including testimony evidence, to prove its profit margin on alloys sold under its C22 and EC22 designations.

22. Defendant's blatant refusal to provide this information is in direct conflict with the rules of discovery. Defendant should be sanctioned for its conduct in forcing Plaintiff to bring this Motion for an answer to an Interrogatory and Document Request that should be readily available to Defendant.

**Adoption of C22 and EC22 - Interrogatory No. 1(b) / Document Request No. 1**

23. In its Amended Answer to Interrogatory No. 1(b), mailed July 29, 2005, Defendant indicated that: "Tracy Rudolph, Wayne Weaver and/or Mark Lewis are knowledgeable regarding Defendant's marketing initiatives." However, when questioned by Plaintiff during deposition, none of these individuals had any idea of who was responsible for selecting C22 and/or EC22. (Ex. 1, Weaver Dep., pgs. 26-27; Ex. 2, Lewis Dep., pg. 64; Ex. 4, Rudolph Dep., pgs. 16-17 and 28-29).

24. In Defendant's initial response to Interrogatory 1(b), Defendant indicated that it would produce responsive non-privileged documents. However, to date, Defendant has neither produced such documents, nor has Defendant verified that no such documents exist.

25. Defendant should be required to either produce all responsive, non-privileged documents responsive to Interrogatory 1(b), or either verify that no such documents exist. Should Defendant verify that no such documents exist, Defendant should be prohibited from introducing evidence at trial, either though documents or testimony, to establish who at Electralloy was responsible for selecting the C22 and/or EC22 designations, and why such designations were chosen.

26. Defendant's blatant refusal to provide this information is in direct conflict with the rules of discovery. Defendant should be sanctioned for its conduct in forcing Plaintiff to bring this Motion for an answer to an Interrogatory and Document request that should be readily available to Defendant.

**Conclusion**

27. Plaintiff has tried repeatedly to resolve the above discovery issues. Each time Plaintiff has requested that Defendant provide the required discovery responses, Plaintiff has been met with a blatant refusal to provide relevant information to which Plaintiff is entitled.

28. In light of Defendant's manifest failure to comply with the rules of discovery and the good faith efforts by counsel for Plaintiff to obtain adequate responses without Court action, Plaintiff should be awarded its reasonable attorneys' fees incurred in pursuing this Motion to Compel Discovery.

29. There is no reason that Defendant cannot immediately respond to Plaintiff's discovery requests (Interrogatory Nos. 1(b), 2(a) and 2(d) and Document Request No. 1) and produce the requested documents and information, or, in the alternative, verify under oath that no such information exists.

Therefore, Plaintiff respectfully requests that Defendant be ordered to respond to Plaintiff's Interrogatory Nos. 1(b), 2(a) and 2(d) and Document Request No. 1, within five (5) days, and further be ordered to pay Plaintiff's reasonable attorneys' fees incurred in preparing and filing this Motion to Compel Discovery. A proposed form of Order is attached.

Respectfully submitted,

BUCHANAN INGERSOLL PC

Dated: November 1, 2005

By: *\/s/ Bryan H. Opalko*

Lynn J. Alstadt
Pa. I.D. No. 23487
Bryan H. Opalko
Pa. I.D. No. 86721
BUCHANAN INGERSOLL PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Phone: 412-562-1632
Fax: 412-562-1041
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of November, 2005, a true and correct copy of the foregoing PLAINTIFF'S MOTION TO COMPEL DISCOVERY was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

Timothy D. Pecsenye, Esquire
Emily Barnhart, Esquire
Jennifer L. Miller, Esquire
BLANK ROME LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103

*/s/ Bryan H. Opalko*
Bryan H. Opalko