IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., <br> a Delaware corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 04-197(E) |
| v. | ) <br> ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. <br> CARLSON, INC., <br> a Pennsylvania corporation, | ) <br> ) <br> ) <br> ) | Judge Cohill |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiff, Haynes International, Inc. ("Plaintiff" or "Haynes"), by its undersigned counsel, Buchanan Ingersoll PC, brings this Motion to ask this honorable Court to strike Defendant's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment [*Docket No. 48*]. The surreply brief should be stricken for at least the following reasons. First, the scheduling order does not permit the filing of a surreply. Second, Defendant failed to seek the Court's permission before filing a surreply. Third, the surreply does not address new issues, but merely restates Defendant's position in its opposition brief. Fourth, the surreply brief would not be helpful to the Court. Fifth, acceptance of the surreply would be unfair to Plaintiff. If the surreply brief is entered, Plaintiff should be given an opportunity to respond to the many allegations in the surreply that there is no evidence or support in the record, when in fact there is.

**No Surreply Briefing is**
**<u>Permitted in Any Briefing Schedule</u>**

First and foremost, neither the Case Management Order, Federal Rule of Civil Procedure 56, nor Local Rule of Civil Procedure 56.1 permits the filing of surreply briefs. The briefing schedules set forth therein contemplate the filing of summary judgment motions, oppositions and replies. No surreplies are provided for in any of the briefing schedules.

When Defendant moved for a four-day extension of time to oppose Plaintiff's Motion for Partial Summary Judgment, Defendant acknowledged that the briefing schedule set forth in the Case Management Order should be followed. Furthermore, Defendant argued that one of the reasons for granting Defendant a four-day extension was that Plaintiff's reply brief would be due after Defendant's. Defendant's exact words were:

> . . . Plaintiff stated it would be "unfair" if it were required to respond to Defendant's Motion for Summary Judgment prior to Defendant responding to Plaintiff's Motion; such is not the case, and in any event any alleged unfairness if mooted by the fact that Plaintiff's reply brief would necessarily then be due after Defendant's. The original scheduling orders likely also contemplated each party would comply with the Rules.

(*See* Defendant's Motion for Four-Day Extension [*Docket No. 28*], pg. 2). But in filing a surreply, Defendant has not complied with the rules that it was expected to follow.

Because the Case Management Order and local and federal rules do not allow surreplies, Defendant's surreply brief should be stricken.

**Defendant Failed to Seek**
**<u>Permission to File a Surreply</u>**

While Judge Cohill's Practices and Procedures do indicate that Judge Cohill will permit surreply briefing, Judge Cohill has also requested that counsel provide notice that additional briefing is going to be needed. Defendant did not file any motion for leave to file a surreply

brief, nor gave any indication that surreply briefing was necessary. This is yet another reason why Defendant's surreply brief should be stricken.

**Defendant's Surreply Does Not Respond
to New Matters - There Are No New Matters**

Defendant alleges that it is submitting it surreply in response to new matters raised in Haynes' Reply Brief. It does not.

In its surreply, Defendant argues that Plaintiff's C-22 mark is generic. However, Defendant argued that Plaintiff's C-22 mark was generic in its Opposition. In fact, Defendant incorporated its entire genericness argument from its own Motion for Summary Judgment in its Opposition. (*See* Defendant's Opposition [*Docket No. 38*], pg. 10, n.3). Plaintiff responded, in its Reply Brief (*see* Plaintiff's Reply [*Docket No. 46*], pgs. 3-6), with evidence and arguments why its mark is not generic. This issue has been fully addressed.

In its surreply, Defendant alleges that Plaintiff's C-22 mark is not strong. However, Defendant argued that Plaintiff's C-22 mark is a weak mark in its Opposition (*see* Defendant's Opposition [*Docket No. 38*], pgs. 17-20), and Plaintiff responded to such arguments in its Reply Brief (*see* Plaintiff's Reply [*Docket No. 46*], pgs. 10-13). This issue has been fully addressed.

In it surreply, Defendant argues that customers exercise a high degree of care when purchasing the goods. However, once again, this issue was addressed in Defendant's Opposition (*see* Defendant's Opposition [*Docket No. 38*], pgs. 20-21), and Plaintiff responded to those arguments in its Reply Brief (*see* Plaintiff's Reply [*Docket No. 46*], pg. 13). This issue has been fully addressed.

In its surreply, Defendant argues that use of the parties' house marks in connection with the marks at issue makes confusion less likely. Yet again, this issue was addressed in Defendant's Opposition (*see* Defendant's Opposition [*Docket No. 38*], pgs. 15-17), and Plaintiff

responded to those arguments in its Reply Brief (*see* Plaintiff's Reply [*Docket No. 46*], pgs. 9-10).  This issue has been fully addressed.

Finally, in its surreply, Defendant restates its allegations of long standing, unchecked generic use of C-22.  But, Defendant argued this issue in its Opposition and, in fact, incorporated its entire genericness argument from its own Motion for Summary Judgment in its Opposition.  (*See* Defendant's Opposition [*Docket No. 38*], pg. 10, n.3).  Plaintiff responded, in its Reply Brief (*see* Plaintiff's Reply [*Docket No. 46*], pgs. 3-6), with evidence and arguments why its mark is not generic.  This issue has been fully addressed.

While Defendant does mention the Third Manning Declaration in its surreply, Defendant has addressed that Declaration in a separate Motion to Strike the Third Manning Declaration.  No surreply brief is, or was, needed with respect to the Declaration.  Because the surreply brief is a repetition of previously presented arguments and does not address new issues (there are no new issues to be addressed), Defendant's surreply brief should be stricken.

**The Surreply Brief Would**
**Not Be Helpful to the Court**

Much of the surreply brief is a restatement of arguments previously advanced by the Defendant.  Having read these arguments once, it would be a waste of the Court's time to read them again.

The surreply brief contains several statements alleging that certain evidence is not before the Court, when in fact it is.  For example, page 2 refers to a "failure to submit any rebuttal evidence".  Page 3 asserts "there is absolutely nothing in the record" and "there is no support in the record".  Such statements are more than not helpful, they are misleading.  For this reason, Defendant's surreply should be stricken.

**Acceptance of the
Surreply Brief Would Be Unfair**

The surreply contains allegations of the absence of evidence where such evidence is before the Court. It would be unfair to Plaintiff for the Court to accept the surreply brief without giving Plaintiff an opportunity to address each of the allegations. That unfairness could be cured by giving Plaintiff an opportunity to file a response to the surreply, or by striking the surreply. Should the Court decide not to strike the surreply, then Plaintiff respectfully requests that it be given the opportunity to address the misleading and incorrect statements in Defendant's surreply.

**Conclusion**

Defendant's attempt to have the last word on every issue reveals the weakness of its case. The briefs filed in this matter, as permitted by the Case Management Order, are more than adequate to enable the Court to rule on the pending motions for summary judgment.

The surreply brief filed by Defendant should be stricken for several reasons. Surreplies are not permitted by the briefing schedule and the applicable court rules. Defendant failed to seek permission to file a surreply and has not demonstrated that a surreply is necessary. The surreply merely restates earlier presented arguments and does not address new issues. The surreply brief would not be helpful to the Court. Acceptance of the surreply would be unfair to Plaintiff because it contains allegations that there is no evidence before the Court when, in fact, such evidence has been presented.

Accordingly, Plaintiff respectfully requests that Defendant's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment be stricken from the record. A proposed form of Order is attached. Should this Motion be denied, Plaintiff requests an opportunity to file a response to the surreply.

                                              Respectfully submitted,

                                              BUCHANAN INGERSOLL PC

Dated: November 2, 2005          By: */s/ Bryan H. Opalko*
                                              Lynn J. Alstadt
                                              Pa. I.D. No. 23487
                                              Bryan H. Opalko
                                              Pa. I.D. No. 86721
                                              BUCHANAN INGERSOLL PC
                                              301 Grant Street, 20th Floor
                                              Pittsburgh, PA 15219-1410
                                              Phone: 412-562-1632
                                              Fax: 412-562-1041
                                              Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 2nd day of November, 2005, a true and correct copy of the foregoing PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

> Timothy D. Pecsenye, Esquire
> Emily Barnhart, Esquire
> Jennifer L. Miller, Esquire
> BLANK ROME LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA  19103

> */s/ Bryan H. Opalko*
> Bryan H. Opalko