## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., <br>    a Delaware corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 04-197(E) |
| v. | ) <br> ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. <br> CARLSON, INC., <br>    a Pennsylvania corporation, | ) <br> ) <br> ) <br> ) | Judge Cohill |
| Defendant. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Rather than comply with the Court's electronic filing procedures, Defendant has chosen to respond to Plaintiff's Motion to Strike Defendant's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment by mailing a letter to the Court dated November 3, 2005. This letter is filed as Exhibit 1 hereto. This is Plaintiff's reply to that response.

In its Motion to Strike, Plaintiff provided five reasons to strike the surreply. Defendant's letter mentions three of them.

First, it says the Scheduling Order is silent with respect to surreplies. That is a recognition that the Scheduling Order does not permit surreplies.

Second, Defendant alleges it obtained permission to file the surreply from the Court. If that in fact occurred, the surreply should have recited the document was being filed with the Court's permission.

Third, Defendant recognizes that a surreply must be limited to new matter.  The letter response says that "Defendant's Surreply was limited to responding to new issues and facts . . . particularly issues and facts raised by the Third Manning Declaration."  But even a cursory review of the Surreply reveals that it is not so limited.  Rather, it contains arguments previously presented concerning whether C-22 is generic, the strength of Plaintiff's C-22 trademark, the degree of care exercised by purchasers, use by the parties of house marks, and use of C-22 by others.  All of these points are addressed in Defendant's Opposition brief.  To the extent that the Surreply addresses the Third Declaration of Paul Manning, that Declaration is separately addressed by Defendant's Motion to Strike that Declaration.

Defendant's letter response does not respond to the fourth reason for striking the surreply.  That is, the surreply contains several statements alleging evidence is not before the Court when in fact it is.  Hence, the surreply would not be helpful to the Court.

Finally, Defendant's letter response fails to address the unfairness of allowing these false statements to stand unchallenged.  If the Court is to consider the surreply, Plaintiff should have the opportunity to show the Court the evidence that demonstrates the statements contained in the surreply are false.

Even accepting that Defendant did obtain permission to file a surreply, the surreply brief filed by Defendant should still be stricken.  The surreply restates earlier presented arguments and does not address new issues.  The surreply brief would not be helpful to the Court.  Acceptance of the surreply would be unfair to Plaintiff because it contains allegations that there is no evidence before the Court when, in fact, such evidence has been presented.

Accordingly, Plaintiff respectfully requests that Defendant's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment be stricken from the record. Should this Motion be denied, Plaintiff requests an opportunity to file a response to the surreply.

Respectfully submitted,

BUCHANAN INGERSOLL PC

Dated: November 7, 2005     By: _/s/ Bryan H. Opalko_____

Lynn J. Alstadt
Pa. I.D. No. 23487
Bryan H. Opalko
Pa. I.D. No. 86721
BUCHANAN INGERSOLL PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Phone: 412-562-1632
Fax: 412-562-1041
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 7th day of November, 2005, a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

> Timothy D. Pecsenye, Esquire
> Emily Barnhart, Esquire
> Jennifer L. Miller, Esquire
> BLANK ROME LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA  19103

> */s/ Bryan H. Opalko*
> Bryan H. Opalko