# BLANK ROME LLP
COUNSELORS AT LAW

Phone:   (215) 569-5619
Fax:     (215) 832-5619
Email:   Pecsenye@blankrome.com

November 3, 2005

**BY FEDERAL EXPRESS®**
The Honorable Maurice B. Cohill, Jr.
Chambers
United States District Court For the
   Western District of Pennsylvania
829 U.S. Courthouse
7th and Grant Street
Pittsburgh, PA  15219

> Re:  Haynes International, Inc. v. Electralloy
>      Civil Action No. 04-197(E)

Dear Judge Cohill:

We represent Defendant Electralloy in the above-referenced action. We were notified by email from the Western District last night that Plaintiff filed a motion to strike Electralloy's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment [Docket No. 52]. Electralloy's filing a Surreply was appropriate and should be considered by the Court.

As purported justification for its motion to strike Defendant's Surreply, Plaintiff states that: (i) the case scheduling order does not permit the filing of a surreply; (ii) Defendant failed to seek the Court's permission to file a surreply; and (iii) the surreply does not address new issues. These statements by Plaintiff are untrue. The truth is reflected as follows:

- the Scheduling Order is silent with respect to surreplies and nowhere disallows surreplies;

- in compliance with Your Honor's Practices and Procedures, Defendant provided notice to Your Honor's Chambers that additional briefing would be provided in light of newly raised arguments and facts contained in Plaintiff's Reply Brief in support of its Motion for Partial Summary Judgment;

- Defendant noted to Your Honor's Clerk that Defendant sought to address, in particular, facts and issues raised by the Third

**EXHIBIT 1**

**BLANK ROME LLP**
COUNSELORS AT LAW

The Honorable Maurice B. Cohill, Jr.
November 3, 2005
Page 2

      Declaration of Paul Manning, which was submitted with Plaintiff's Reply Brief, and that Defendant would also be filing a motion to strike that Declaration;

- Chambers informed Defendant upon such notice of the deadline to make such a filing and instructed that the surreply should be limited to addressing new matter;

- Defendant filed its Surreply Brief on Friday, October 28, 2005 [Docket No. 48] pursuant to these instructions, and discussion in Defendant's Surreply was limited to responding to new issues and facts raised by Haynes' Reply Brief in Support of its Motion for Partial Summary Judgment, particularly issues and facts raised by the Third Manning Declaration submitted with Haynes' Reply Brief.

    In light of all of the above, the filing of Defendant's Surreply was permitted and is appropriate given that it is limited to addressing the new matter raised by Plaintiff's Reply. This morning Defendant wrote to counsel for Plaintiff demanding that Plaintiff withdraw its motion to strike. <u>See</u> enclosed November 3, 2005 letter to Lynn Alstadt, Esquire. Plaintiff took no action to withdraw its motion.

    Consequently, Defendant respectfully requests that the Court consider Defendant's Surreply in making a determination on Plaintiff's Motion for Partial Summary Judgment. Defendant further requests that any requests by Plaintiff to file additional briefing in support of its Motion for Partial Summary Judgment be denied, as such submissions should have been addressed in earlier briefing and could be raised during oral argument on Plaintiff's Motion, if argument is requested by Your Honor.

                                            Respectfully submitted,

                                            TIMOTHY D. PECSENYE

Enclosure

cc: Lynn J. Alstadt, Esquire (via Federal Express)

022664.00115/11482574v.1



**BLANK ROME LLP**
COUNSELORS AT LAW

Phone:   (215) 569-5619
Fax:     (215) 832-5619
Email:   Pecsenye@blankrome.com

November 3, 2005

**BY FACSIMILE (412) 562-1041**

Lynn Alstadt, Esquire
Buchanan Ingersoll PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410

    Re:  Haynes International, Inc. v. Electralloy
         Civil Action No. 04-197(E)

Dear Lynn:

    We were notified by email from the Western District last night that Haynes International, Inc. filed a motion to strike Electralloy's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment in the above-captioned action. Electralloy's filing of its Surreply was wholly appropriate and permitted. Haynes' motion is replete with inaccuracies and is baseless, and, consequently, we demand that the motion be withdrawn by 5:00 p.m. today.

    As purported justification for the motion to strike, Haynes states that: (i) the scheduling order does not permit the filing of a surreply; (ii) Defendant failed to seek the Court's permission to file a surreply; and (iii) the surreply does not address new issues. While you may be unaware, please be informed that:

- the Scheduling Order is silent with respect to surreplies and nowhere disallows surreplies;

- the Local Rules and The Honorable Maurice B. Cohill Jr.'s Practices and Procedures do not require Defendant to seek leave of the Court to file a Surreply, as Judge Cohill's Procedures expressly



Lynn Alstadt, Esquire
November 3, 2005
Page 2

        permit surreply briefing;

- Defendant did, in fact, comply with Judge Cohill's Procedures, namely, by providing notice to Chambers that additional briefing would be provided;

- upon such notice, Chambers informed Defendant of the deadline to make such a filing; and

- while the general topics addressed in Defendant's Surreply were discussed in prior summary judgment briefing, the discussions in the Surreply are limited to responding to new issues and facts raised by Haynes' Reply Brief in Support of its Motion for Partial Summary Judgment, particularly issues and facts raised by the Third Manning Declaration submitted with Haynes' Reply Brief.

In light of all of the above, Defendant's Surreply is wholly permissible and should be considered by the Court.

    If we do not received confirmation from you by 5:00 p.m. today that Haynes has taken action to withdraw its Motion to Strike Electralloy's Surreply, we will inform the Court of the above and that Plaintiff's motion should be disregarded.

                                       Sincerely yours,

                                       TIMOTHY D. PECSENYE