IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-197(E) |
| v. | ) ) | JURY TRIAL DEMANDED |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation, | ) ) ) ) ) | Judge Cohill |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
SURREPLY BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

As permitted by the Court's Order dated November 9, 2005, Plaintiff responds to Defendant's Surreply Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendant's Surreply").

Defendant's Surreply is not helpful to the Court because it diverts the Court's attention from the undisputed <u>material</u> facts which establish that Plaintiff's Motion for Partial Summary Judgment should be granted. It is also not helpful because it contains statements about the evidence of record that simply are not true.

**<u>The Material Facts Not in Dispute</u>**

There is no dispute that Plaintiff owns an incontestable federal registration for the mark C-22. From this undisputed material fact there arises a statutory presumption that the C-22 mark is valid and legally protectible and that Plaintiff owns the mark. 15 U.S.C. § 1057(b).

Despite Defendant's repeated allegations of widespread third party use, there is no uncontested use of C-22 or C22 by a third party. At page 3 of Plaintiff's Brief in Reply to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment [*Docket No. 46*], Plaintiff asserted: "No competitor of Haynes uses C-22." Defendant's Surreply fails to identify any competitor's use of C-22 because there is no such use in the United States.

**False Statement No. 1**

Page 2 of Defendant's Surreply says, "Plaintiff's *failure to submit any rebuttal evidence* to prove its mark is not generic can only be explained by the non-existence of such evidence or by a misunderstanding of Plaintiff's part of the requisite burden." (emphasis added). Plaintiff's Exhibit L is filled with such rebuttal evidence. There is the letter from Allvac asserting that its use of C-22 was inadvertent and unintentional and has ceased. There is also in Plaintiff's Exhibit L the webpages of Fast Alloys (page HE00741), Newman Flange & Fitting Co. (page HE00810) and Penn Machine (page HE00821) which contain a notice that C-22 is a registered trademark of Haynes International. There is the Second Declaration of Paul Manning and attached chart that identifies most of the third parties who have used C-22 as Haynes' customers (*see* pages 4-6 of Plaintiff's Exhibit L). Those customers have a right to use C-22 to identify material purchased from Haynes. Finally, there are letters in Plaintiff's Exhibit L from numerous other third parties who promptly corrected their misuse of C-22 when notified.

Additionally, Defendant bears the burden of proof on the issue of C-22 allegedly being generic. Section 1057(b) of Title 15 of the United States Code creates a statutory presumption that the federally registered mark C-22 is a valid mark and hence not generic. The absence of any non-contested third party use, the fact that no competitor of Haynes uses C-22 in the United

States, and the fact that third parties have recognized C-22 as a registered trademark of Haynes International demonstrates that the statutory presumption that C-22 is a valid trademark has not and cannot be overcome.

**False Statement No. 2**

Page 3 of Defendant's Surreply says, "there is *absolutely nothing* in the record or in the 3rd Manning Decl. supporting the statement that Haynes' advertising expenditures are 'substantial for this market'". (emphasis added). Of course there is. The record shows that Haynes annually spent approximately $1,440,000.00 during the past six years in advertising its 36 alloy products, including webpages, brochures, trade shows and print media. If you divide Haynes' total marketing and advertising expenses by the 36 alloys Haynes makes (even though Haynes' C-22 alloy is and have been for the past six years in the top 10 in sales of all Haynes' 36 alloys), it comes out to approximately $40,000.00 per year in advertising and marketing expenses for Haynes' C-22 alloy. (*See* paragraph 2 of the Second Declaration of Paul Manning (Plaintiff's Exhibit L); Manning Deposition Exhibit 10 (Defendant's Appendix Exhibit 14); and pages 150-153 of Dr. Manning's deposition (Defendant's Appendix 3)). In contrast, Defendant has spent very little in advertising its C22 and EC22 product.

**False Statement No. 3**

Page 3 of Defendant's Surreply says, "there is *no support* in the record for Mr. Manning's speculative assertion that 'C-22' is a 'strong mark.'" (emphasis added). That is not true. As noted above, the record shows that no competitor of Haynes uses C-22 and, except for Defendant, no competitor uses the letter number combination C and 22. Moreover, third parties identify C-22 as a registered trademark of Haynes on their webpages. Customers of Haynes

3

requested permission to use C-22. Indeed, if C-22 were not a strong mark, Haynes' customers would not use it.

**False Statement No. 4**

Page 4 of Defendant's Surreply says, "there is *not one iota of evidence* in the record supporting what the Parties' customers (or their customers') business practices are." (emphasis added). This is another untrue statement. The record contains technical bulletins, webpages and brochures offering to sell the alloy, or components made from the alloy, of at least the following customers of the Parties and their customers: Arcos Alloys Corporation, Cbol Corporation, Corrosion Materials, Fast Alloys, National Specialty Alloys, Newman Flange & Fitting Co., Oxford Alloys, Inc., Penn Machine and TW Metals (all in Plaintiff's Exhibit L).

**The Undisputed Evidence Establishes a Likelihood of Confusion**

There is no dispute that Defendant used the designations C22, EC22 and GOC22 for the same alloy composition that Haynes sells under its federally registered C-22 trademark. Both Parties sell and offer to sell the product in ingot, bar and billet forms. The potential customers for these products are the same. Where, as here, two parties use an identical, or virtually identical, designation for the same product sold and offered for sale to the same customers and potential customers, confusion is likely.

**CONCLUSION**

Defendant's Surreply is not helpful to the Court because it contains several false statements and diverts attention from the undisputed material facts.

The undisputed material facts are that Plaintiff holds an incontestable federal registration for the mark "C-22" used on metal alloys. There is no uncontested third party use of C-22. No

4

manufacturer of alloys other than Plaintiff uses C-22 in the United States. Defendant has used C22, EC22 and GOC22 for the same alloy compositions sold and offered for sale in the same form as Plaintiff sells its C-22 alloy. Both parties have the same potential customers.

Thus the undisputed material facts demonstrate that Defendant has infringed Plaintiff's federally registered C-22 trademark and engaged in unfair competition. Accordingly, this Court should enter summary judgment in favor of Plaintiff on Counts 1, 2 and 3 of the Complaint.

Respectfully submitted,

BUCHANAN INGERSOLL PC

Dated: November 14, 2005    By: */s/ Bryan H. Opalko*
Lynn J. Alstadt
Pa. I.D. No. 23487
Bryan H. Opalko
Pa. I.D. No. 86721
BUCHANAN INGERSOLL PC
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Phone: 412-562-1632
Fax: 412-562-1041
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 14th day of November, 2005, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S SURREPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

> Timothy D. Pecsenye, Esquire
> Emily Barnhart, Esquire
> Jennifer L. Miller, Esquire
> BLANK ROME LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA  19103

> */s/ Bryan H. Opalko*
> Bryan H. Opalko