IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 04-197(E) |
| v. | ) ) JURY TRIAL DEMANDED ) |
| ELECTRALLOY, a Division of G.O. CARLSON, INC., a Pennsylvania corporation, | ) ) Judge Cohill ) ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff has moved for an Order compelling Defendant to answer interrogatories asking for sales of products sold under the infringing C22 and EC22 trademarks and to identify the person or persons who selected C22 and/or EC22, and also to provide documents from which its calculation of profits can be determined. Defendant opposes the Motion asserting that it is untimely because it was filed after the close of discovery. There is no contention that the requested information is not relevant or admissible evidence.

Plaintiff did not move to compel discovery prior to the close of discovery because Plaintiff was involved in discussions with Defendant about resolving several outstanding discovery issues when discovery closed. Exhibit 1 filed herewith contains correspondence dated September 20, 22 and 23, 2005, which reflects those discussions. One of the issues was the fact that Defendant's interrogatory answers had not been verified. Another issue was that Defendant had not told Plaintiff what its profits were or provided documents from which its profits could be

determined. As a result of those discussions, Defendant did provide a verification and a supplemental interrogatory answer to Plaintiff's Interrogatory No. 2(d). The verification and supplemental answer were not provided by Defendant until September 28, 2005, well after the close of discovery. Plaintiff waited to receive Defendant's supplemental answer before deciding if a motion to compel was warranted. Thus, Plaintiff's Motion to Compel was brought after the close of discovery because Plaintiff had sought and reasonably expected that the discovery issues could be resolved without a Motion to Compel. Some of those issues were resolved after the close of discovery. Others were not. Plaintiff should not be penalized for trying to resolve the discovery issues without court action.

**Defendant's Assertions with Respect to the Summary Judgment Motions Are Inconsistent**

Defendant served Plaintiff with its late verification and supplemental answer right at the beginning of the summary judgment briefing schedule. During the month of October 2005, Plaintiff was involved in preparing the various documents that were filed in connection with both Plaintiff's and Defendant's Motions for Summary Judgment. In fact, these filings went on until November 14, 2005. Plaintiff filed its Motion to Compel Discovery on November 1, 2005, after most of the summary judgment filings had been completed and it was clear that the remaining discovery issues could not be resolved by agreement of counsel.

One of the reasons Defendant asserts for denying Plaintiff's Motion to Compel Discovery is that Plaintiff's Motion was filed after the Parties' summary judgment motions were fully briefed and pending before the Court. However, this is both untrue and irrelevant. The summary judgment motions were not fully briefed until November 14, 2005, and Plaintiff filed its Motion to Compel on November 1, 2005. Further, and as Defendant later admits in its Opposition, the information and documents Plaintiff seeks to compel, namely, sales and profit figures and the

2

identity of the individual responsible for selecting C22 and/or EC22, are not material or relevant to the summary judgment motions before the Court. (*See* Defendant's Opposition [*Docket No. 60*], page 5, footnote 1). Thus, any arguments by Defendant along those lines should be disregarded.

**Plaintiff's Motion to Compel is Fact Specific**

Defendant has cited a litany of cases for the proposition that a motion to compel discovery should be denied if filed after the close of discovery. It is clear from a reading of these cases that the Court has broad discretion to oversee discovery and that each case was decided on its own specific facts. Many of these cases either have no bearing on the present factual scenario, or are mis-cited. For example, in Mash Enterprises v. Prolease Atlantic Corporation, 2003 WL 251944 (E.D.Pa Jan. 31, 2003), the court denied plaintiff's motion to compel noting that it would be prejudicial to defendant and cause undue delay. In this case, Plaintiff's Motion to Compel would neither be prejudicial to Defendant nor cause undue delay, and there is no averment by Defendant of such.

There was no motion to compel involved in Hayes v. Invigorate International, 2005 WL 2491582 (E.D.Pa. Oct. 5, 2005). The Hayes court merely suggested that if certain discovery requests were not responded to, a motion to compel within the applicable discovery period should have been filed.

The court, in Boselli v. SEPTA, 108 F.R.D. 723 (E.D.Pa. 1985), found that rather than failing to comply with a request, the defendant simply was not able to turn over documents because they did not have the documents the plaintiff wanted. In the present case, Defendant clearly has documents which evidence profits and sales. The Boselli case is simply not on point.

3

The case of McWilliams v. AT&T Information Systems, Inc., 1990 WL 3185 (W.D.Pa. Jan. 16, 1990) did not involve a timeliness issue. After holding that the plaintiff had not stated legally cognizable claims under certain counts of her complaint, the McWilliams court explained that discovering additional facts within defendant's sole control would not further plaintiff's case on the three dismissed counts. Accordingly, to compel discovery under these circumstances would ill serve efficiency or economy. This case is far removed from the present factual scenario.

In M. Rosetto v. Pabst Brewing Company, 217 F.3d 539 (7th Cir. 2000), the motion to compel was barely an issue. In M. Rosetto, the plaintiff complained not only about the grant of summary judgment in favor of the defendant but also about the district court's denial of their discovery motion. The M. Rosetto court stated that the plaintiff gave no excuse for being tardy in moving to compel discovery. Moreover, Plaintiff had no grounds for complaining about the district court's welcome effort to expedite the litigation and spare the parties the expense of protracted discovery, the bane of modern litigation. This case is drastically different from the present facts in which Plaintiff tried to resolve the issue without Court action and received documents and supplemental answers from Defendant after the close of discovery.

Similarly, in Sutton v. Jones Lang Lasalle, 2005 WL 2850376 (E.D.Pa. Oct. 28, 2005), the motion to compel is barely mentioned and is mis-cited in Defendant's Opposition. In Sutton, the defendant moved for summary judgment and plaintiff moved to compel responses to discovery and to postpone a decision on the summary judgment motion. The Sutton court denied the motion to compel because the relevant documents had been produced. In the present case, Defendant has not produced any documents relating to its profits.

4

The other cases cited by Defendant also turned on fact situations that are distinguishable from the present case. None provide a reasonable basis for denying Plaintiff's Motion to Compel.

**Defendant Has Produced No Documents From Which Its Profits Can Be Determined**

Defendant's supplemental interrogatory answer indicates that its profits are between 5-20 percent. However, Defendant has produced no documents which support this calculation. This is clear from the deposition transcript of Mr. Rudolph reproduced at pages 10-11 of Defendant's opposition. None of the documents referred to by Mr. Rudolph as necessary for determining profits was produced by Defendant.

Under the Lanham Act, a successful plaintiff is entitled to recover defendant's profits. The defendant has the burden of proof as to the allowability of any deductions from gross sales. *1 J Thomas McCarthy*, McCarthy on Trademarks and Unfair Competition, 2d ed., § 30:66 p. 30-142.3; 15 U.S.C. § 1117; Jones Apparel Group, Inc. v. Steinman, 466 F.Supp. 560 (E.D.Pa. 1979). At trial, Plaintiff will present the sales documents produced by Defendant or, if available, an interrogatory answer or stipulation stating Defendant's sales. One would expect Defendant to then offer evidence as to what its profits were from such sales to fulfill its burden of proof. Should such evidence be admitted, Plaintiff would be prejudiced by Defendant's refusal to produce the documents from which its profits were calculated. Without such documents, the reliability of the evidence offered by Defendant cannot be tested or confirmed. If the documents from which Defendant's profits can be determined are not produced, Defendant should not be permitted to produce any evidence at trial to prove its profits.

**Defendant Has Not Verified Its Sales of C22/EC22 Alloy**

Plaintiff refused to provide a verified a supplemental interrogatory answer stating its sales or confirming that the chart of sales prepared by Plaintiffs from the documents produced accurately reported Defendant's sales. Defendant relies on Mr. Lewis' testimony that it produced all sales documents relating to its EC22 alloy. However, that testimony clearly shows that the documents provided did not reflect all of Defendant's sales. Plaintiff is mystified as to why Defendant continues to refuse to state its sales in a verified interrogatory answer or to verify that the chart created by Plaintiff from the documents produced identifies all sales of EC22. Frankly, this is an issue that should be stipulated for trial.

The alternative to providing the requested information in discovery and reaching an appropriate pretrial stipulation is that the evidence will come in at trial through an examination of Defendant's employees who are knowledgeable. Painstaking testimony will be needed to go through each and every one of Defendant's sales documents and to create a chart of all of Defendant's sales. Plaintiff submits that that is not a good use of anybody's time.

**Defendant Has Not Identified Who Was Responsible for Selection of C22 and/or EC22**

With respect to an identification of the person(s) who selected the infringing designation EC22 and/or C22, Defendant's contend that the information requested by the interrogatory has been provided in deposition testimony. In fact, all of the witnesses deposed said they were not the person who selected EC22 or C22 as it had been used for Defendant's alloy.

Defendant cites the Weaver deposition testimony at pages 14-17 alleging that Mr. Weaver provided an answer to this interrogatory. However, the discussion at pages 14-17 concerned Electralloy's decision to make an alloy, not what to call it. At pages 26-27 of the Weaver deposition, Mr. Weaver testified that he did not have any role in the decision to name the

alloy composition, and indicated that it would have came from Electralloy's group of technology departments. However, no individuals are identified who are part of this "technology department".

Reviewing the deposition testimony of Mr. Rudolph, which is provided by Defendant at page 7 of its Opposition, it is clear that Mr. Rudolph did not know who made the decision to call the composition alloy EC22. While Mr. Rudolph indicated individuals who "may" have been involved, namely Wayne Weaver, Tom Wood, Gary Pezze and Jack Simmons, Mr. Rudolph ended his answer with "I don't know." Further, while Mr. Rudolph indicated that he believed Mr. Weaver was involved in the decision making process, in his deposition Mr. Weaver clearly indicated that he was not involved. At page 64 of Mr. Lewis' deposition transcript, he indicated that he did not know who was responsible for choosing the EC22 designation. Thus, Defendant has never answered Plaintiff's interrogatory asking who was responsible for selecting C22 and/or EC22.

Therefore, Plaintiffs Motion to Compel Discovery should be granted.

            Respectfully submitted,

            BUCHANAN INGERSOLL PC

Dated: _____    By:_____
            Lynn J. Alstadt
            Pa. I.D. No. 23487
            Bryan H. Opalko
            Pa. I.D. No. 86721
            BUCHANAN INGERSOLL PC
            301 Grant Street, 20th Floor
            Pittsburgh, PA 15219-1410
            Phone: 412-562-1632
            Fax: 412-562-1041
            Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that on this ____ day of November, 2005, a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY was served on the attorneys for Defendant by first class mail, postage prepaid, addressed as follows:

>  Timothy D. Pecsenye, Esquire
>  Emily Barnhart, Esquire
>  Jennifer L. Miller, Esquire
>  BLANK ROME LLP
>  One Logan Square
>  18th and Cherry Streets
>  Philadelphia, PA 19103

_____
Bryan H. Opalko

# Buchanan Ingersoll PC

ATTORNEYS

**Lynn J. Alstadt**
412 562 1632
alstadtlj@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
T 412 562 8800
F 412 562 1041
www.buchananingersoll.com

September 22, 2005

**VIA FACSIMILE**

Emily J. Barnhart, Esq.
BLANK ROME LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6998

Re: **Haynes International, Inc. v. Electralloy**

Dear Emily:

This will confirm our telephone conversation of this morning concerning outstanding discovery. First, you contend that the three witnesses we deposed were produced in response to our 30(b)(6) notice and, therefore, no further witnesses will be produced. Second, you promised to provide verifications for the interrogatories previously filed. Third, I requested supplemental answers to Interrogatory No. 2 which requests sales and profit information. Your original answers to these questions said that documents would be produced from which this information could be obtained. However, no documents were provided with respect to profits and it is unclear whether we have received all documents reporting sales. With respect to profits your letter of September 20, 2005, says "Electralloy believes that a reasonable estimate of its profit margin for the various products sold under the designation EC22 ranges approximately 5-20% of gross sales -- which have been provided to plaintiffs." To the extent you believe that statement is responsive to Interrogatory 2(d), the profit information should be stated in a supplemental answer under oath as required by Rule 33 F.R.C.P.

In an effort to resolve the impasse relating to your failure to clearly provide sales information, I enclose a chart which has been prepared by one of our paralegals from the documents you have produced. I ask that you provide a supplemental answer to Interrogatory No. 2 which states that the enclosed chart sets forth the total volume of sales by date and product form in the United States for all alloy products sold under the designation C22 or EC22 since their introduction or provide a corrected chart which contains that information.


EXHIBIT 1

Pennsylvania :: New York :: Washington, DC :: Florida :: New Jersey :: Delaware :: California

September 22, 2005
Page - 2 -

      Please tell me by noon tomorrow whether your client will provide the requested supplemental answers and when they will be provided.

                                            Very truly yours,

                                            Lynn J. Alstadt

LJA/bem

Enclosure



RECEIVED
SEP 2 2005
BUCHANAN

*Phone:*   *(215) 569-5494*
*Fax:*     *(215) 832-5494*
*Email:*   *Barnhart@blankrome.com*

September 23, 2005

**BY FACSIMILE** (412) 562-1041

Lynn Alstadt, Esquire
Buchanan Ingersoll PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410

    Re:  Haynes International, Inc. v. Electralloy
        Civil Action No. 04-197(E)

Dear Lynn:

    I write in response to your letter, dated September 22, 2005. Early next week we will provide a verification to interrogatory answers, and will amend our interrogatory response to include information and the maintained objections regarding profits that were, provided in my recent letter.

    We maintain that Electralloy has provided complete discovery with respect to its EC22 sales revenue through its interrogatory responses, document productions and deposition testimony. We do not concur with the assessment that Haynes cannot proffer information regarding Electralloy's sales into evidence without Electralloy adopting the chart created by Haynes and submitted with your September 22 letter. We do not believe it is necessary or required for Electralloy to adopt documents created by Haynes, when Electralloy has already fully complied with Haynes' discovery requests regarding its sales revenue. Any confusion that exists is only on the part of Haynes, and we suggest Haynes review the record prior to filing a frivolous motion with the Court.

    Through this letter, we again request that Haynes reimburse Electralloy for costs associated with the Kokomo, Indiana depositions, which have been provided, substantiated and



Lynn Alstadt, Esquire
September 23, 2005
Page 2

explained to Haynes on numerous occasions. In the event we do not receive this reimbursement by the end of next week, we will be forced to file a motion for sanctions with the Court for violation of the Court's Order.

Sincerely yours,

EMILY J. BARNHART

022664.00115/11470074v.1

# Alstadt, Lynn

**From:** Alstadt, Lynn
**Sent:** Friday, September 23, 2005 12:49 PM
**To:** 'Barnhart, Emily J.'
**Cc:** Opalko, Bryan
**Subject:** Haynes v Ellectralloy

Emily,

I received your fax.

I will expect your amended interrogatory answers next week. Those amended answers should also address the issue raised at pages 28 and 29 of the deposition of Tracy Rudolph. When I receive your amended answers I will decide whether a motion to compel discovery is needed.

Yesterday, I mailed a letter to you with our check for the reasonable attorney fees and expenses associated with travel to Kokomo that were in excess of such costs that would have been incurred had the depositions taken place in Pittsburgh.


Lynn J. Alstadt
Buchanan Ingersoll P C.
301 Grant Street
Pittsburgh, Pennsylvania 15219-1410
Phone: 412-562-1632
Fax: 412-562-1041