IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | )    Civ. No. 04-197E ) |
| ELECTRALLOY, a Division of G.O. Carlson, Inc., a Pennsylvania Corporation, | ) ) ) ) ) |
| Defendant | ) |

## OPINION AND ORDER

Pending before the Court is Plaintiff Haynes International, Inc.'s Motion to Compel Discovery (Doc. #50). At issue in this motion are Defendant's responses to: (1) Interrogatories Nos. 1(b), 2(a) and 2(d) from Plaintiff's First Set of Interrogatories; and (2) Request No. 1 from Plaintiff's First Request for Production of Documents. For the reasons set forth below, Plaintiff's Motion to Compel Discovery is: (1) granted as to Interrogatory 1(b), and that part of Request No. 1 relevant to Interrogatory 1(b); (2) denied without prejudice as to Interrogatories 2(a) and 2(d), and that part of Request No. 1 relevant to Interrogatories 2(a) and 2(d); and (3) denied as to Plaintiff's request for award of attorney fees. Defendant's request for attorney fees also is denied.

### I. Plaintiff's Position.

Plaintiff's position is that "to date, Defendant has not provided substantive answers to the above-identified Interrogatories, nor has Defendant produced responsive documents or indicated, under oath, that responsive documents do not exist." Plaintiff's Motion to Compel Discovery ("Plaintiff's Motion to Compel"), p. 4. Plaintiff also states in relevant part that: "Plaintiff has

tried repeatedly to resolve the above discovery issues. Each time Plaintiff has requested that Defendant provide the required discovery responses, Plaintiff has been met with a blatant refusal to provide relevant information to which Plaintiff is entitled." Id. at p. 8. In its Reply Brief, Plaintiff further elaborates on why it did not move to compel discovery until November 1, 2005, after discovery closed:

> Plaintiff did not move to compel discovery prior to the close of discovery because Plaintiff was involved in discussions with Defendant about resolving several outstanding discovery issues when discovery closed. Exhibit 1 filed herewith contains correspondence dated September 20, 22 and 23, 2005, which reflects those discussions. One of the issues was the fact that Defendant's interrogatory answers had not been verified. Another issue was that Defendant had not told Plaintiff what its profits were or provided documents from which its profits could be determined. As a result of those discussions, Defendant did provide a verification and a supplemental interrogatory answer to Plaintiff's Interrogatory No. 2(d). The verification and supplemental interrogatory answer were not provided by Defendant until September 28, 2005, well after the close of discovery. Plaintiff waited to receive Defendant's supplemental answer before deciding if a motion to compel was warranted. Thus Plaintiff's Motion to Compel was brought after the close of discovery because Plaintiff had sought and reasonably expected that the discovery issues could be resolved without a Motion to Compel. Some of those issues were resolved after the close of discovery. Others were not. Plaintiff should not be penalized for trying to resolve the discovery issues without court action.

Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Discovery ("Plaintiff's Reply"), p. 1. Finally, Plaintiff seeks attorney fees for having to file the instant Motion. Plaintiff's Motion to Compel, p. 9.

## II. Defendant's Position.

Defendant's position with respect to Plaintiff's Motion to Compel is two-fold. First, it argues that the Motion to Compel should be denied because the motion, filed after discovery closed and cross-motions for summary judgment filed, is untimely. See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel ("Defendant's Opposition

Memorandum"), pp. 2-6. Second, Electralloy argues that the Motion to Compel should be denied because Defendant has satisfactorily answered the interrogatories and request for production of documents at issue. See Id. at pp. 12. Electralloy also asks that it be awarded its attorney fees for having to respond to Plaintiff's Motion to Compel. Id.

**III. Legal Analysis.**

**A. Interrogatories 2(a) and 2(d) and any supporting documentation as requested in Plaintiff's First Request for Production of Documents No. 1.**

Interrogatory No. 2(a) states: "With regard to Ellectralloy's sale of alloy products under 'C22' and 'EC22': (a) State the total dollar volume of sales by year and product form (e.g., ingot, pig, billet, bar, coil, rod, welded wire, etc.) in the United States for alloy products sold under 'C22' and 'EC22' for each year since their introduction to the market and the price at which the products were sold." Interrogatory 2(d) states: "With regard to Electralloy's sale of alloy products under 'C22' and 'EC22': Identify Electralloy's profits from the sale of alloy products bearing 'C22' and 'EC22'." Request No. 1 requested "All documents and things that were identified in answer to, and/or provide a factual basis for the statements made in response to, Plaintiff's First Set of Interrogatories, Nos. 1-12." As such, Interrogatories No. 2(a) and 2(d) and any supporting documentation as requested in Plaintiff's First Request for Production of Documents No. 1, seek information relevant to the damages Defendant would owe Plaintiff if it is established that Defendant is liable to Plaintiff.

Given the complexities of this matter, at this point, it is the Court's intention to bifurcate the case as to liability and damages. Accordingly, Plaintiff's need for any information from Defendant relevant to damages is premature. Thus, Plaintiff's Motion to Compel Discovery with respect to Interrogatories 2(a) and 2(d) and any supporting documentation as requested in

Plaintiff's First Request for Production of Documents No. 1 is denied. Said denial, however, is without prejudice for Plaintiff to file another motion to compel discovery if it is established that Defendant is liable to Plaintiff for damages.

**B. Interrogatory 1(b) and supporting documentation as requested in Plaintiff's First Request for Production of Documents No. 1.**

Interrogatory No. 1(b) states: "Identify who at Electralloy was responsible for the decision to adopt 'C22' and 'EC22'." Again, Request No. 1 requested: "All documents and things that were identified in answer to, and/or provide a factual basis for the statements made in response to, Plaintiff's First Set of Interrogatories, Nos. 1-12." Unlike Interrogatories 2(a) and 2(d), Interrogatory 1(b) goes to the liability of the Defendant to Plaintiff. As such, this part of Plaintiff's motion to compel discovery is ripe for consideration.

**1. Timeliness of Plaintiff's filing of motion to compel discovery.**

We address first Defendant's position that Plaintiff's Motion to Compel Discovery should be denied because it was untimely filed. In <u>In re Sulfuric Acid Antitrust Litigation</u>, 231 F.R.D. 331 (N.D. 2005), the court wisely explained:

> [t]hroughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to them do so at substantial peril to their and their clients' interests. See, e.g., <u>Brosted v. Unum Life Insurance Co. of America</u>, 421 F.3d 459 (7th Cir.2005). . . .
>
> The Federal Rules of Civil Procedure place no prescribed time limit on the outside date for filing a motion to compel discovery. In one regard, however, a line of sorts has been sketched by a series of decisions: motions to compel filed after the close of discovery are almost always deemed untimely. <u>Packman v. Chicago Tribune Co.</u>, 267 F.3d 628, 647 (7th Cir.2001). Greater uncertainty occurs where the motion is made very close to the discovery cut-off date. Some districts by local rule have imposed time limits within which motions to compel must be brought. See, e.g. <u>United States ex. rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir.2002)(Local Rule 37.01 of the District of South

> Carolina requires that motions to compel must be filed within 20 days after receipt of the discovery response); Sonnino v. University Kansas Hospital Authority, 220 F.R.D. 633, 636 (D.Kan.2004)(Local *333 Rule 37.1(b) of the District of Kansas requires that the motion to compel be filed within 30 days after receipt of the discovery response). Most, however, have no such rules, and the matter is left to the broad discretion possessed by the district courts to control discovery.
>
> How is that discretion to be exercised? Is a motion to compel filed four days before the close of discovery too late? At least one court has said it is. Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC, 2004 WL 3021842 (N.D.Ill.2004). What if the motion had been made six or perhaps twelve days before the close of discovery? Would the result have been different? Is a week the proper cut-off point, or perhaps two weeks? To pose the question is to demonstrate that there is no principled or mathematical way of determining in advance in every case when a motion to compel should be deemed untimely based upon an arbitrarily prescribed number. As Justice Cardozo said in another context, "[w]here the line is to be drawn between the important and the trivial cannot be settled by a formula." Jacob & Youngs, Inc. v. Kent, 230 N.Y. 239, 243, 129 N.E. 889 (1921). *Compare,* Louisville Gas & Electric v. Coleman, 277 U.S. 32, 41, 48 S.Ct. 423, 72 L.Ed. 770 (1928)(Holmes, J., dissenting). The answer then must necessarily be found in the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another.

Id. at 232 (footnote omitted). Contained within the above-quoted paragraph was a footnote which further explains:

> [b]ut even here the line meanders, and motions made after the close of discovery are not inevitably out-of-bounds. *See e.g.,* Blanchard v. EdgeMark Financial Corp., 192 F.R.D. 233, 235 (N.D.Ill.2000) (30 days not too late); Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D.Nev.1999); Shamis v. Ambassador Factors Corp., 34 F.Supp.2d 879 (S.D.N.Y.1999) (No unreasonable delay where motion to compel was filed four days after the close of discovery).

Id. at 232, n. 1.

Thus, as the In re Sulfuric Acid Antitrust Litigation decision, *infra.*, explains, the answer to the question of whether Plaintiff's Motion to Compel Discovery as to Interrogatory 1(b) as well as any supporting documentation as requested in Plaintiff's First Request for Production of

Documents No. 1, should be granted or denied must start with an examination of the circumstances under which this Motion was filed. The relevant timeline is as follows. Plaintiff filed the instant action in the Erie Division of the United States District Court for the Western District of Pennsylvania on July 15, 2004. (Doc. #1) On October 19, 2004, Plaintiff served upon Defendant Plaintiff's First Set of Interrogatories, Nos. 1-12 and Plaintiff's First Request for Production of Documents. Plaintiff's Motion to Compel, p. 1.

Defendant responded to Plaintiff's First Set of Interrogatories and First Request for Production of Documents on November 22, 2004. In its initial response to Interrogatory 1(b), provided to Plaintiff on November 22, 2004, Defendant responded in pertinent part: "[s]ubject to the entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information." In its initial response to Request No. 1, Defendant responded in pertinent part: "responsive documents, if any, will be made available for inspection and copying at Blank Rome LLP." As stated above, concerning Interrogatory 1(b), Defendant indicated that it "will produce responsive, non-privileged documents and information" and "responsive documents, if any, will be made available for inspection and copying at Blank Rome LLP."

Discovery in this case was originally scheduled to end on March 7, 2005. (Doc. #7) On March 7, 2005, the parties jointly requested an extension of time to conduct discovery. (Doc. #9). The discovery deadline was then reset to June 7, 2005. On June 8, 2005, the parties again jointly requested that the time for discovery be extended. (Doc. #10). The discovery deadline was then reset to September 6, 2005.

On or about July 29, 2005, Defendant provided Plaintiff with an Amended Answer to Interrogatory 1(b). Plaintiff's Motion to Compel, p. 7. In its Amended Answer, Defendant stated

in pertinent part: "Defendant neither admits nor denies that it ever 'adopted' either 'C22' or 'EC22'. As such, Defendant cannot pinpoint one individual or individuals responsible for such alleged decisions. However, in response to Plaintiff's inquiry, and as per Defendant's Initial Disclosure Statement, Tracy Rudolph, Wayne Weaver and/or Mark Lewis are knowledgeable regarding Defendant's marketing initiatives." Mr. Lewis was deposed on August 19, 2005. Lewis deposition, p. 1. Mr. Rudolph and Mr. Weaver were deposed on August 24, 2005. Rudolph deposition, p. 1; Weaver deposition, p. 1.

No more extensions of discovery were requested. Discovery in this case ended on September 6, 2005.

Correspondence between the parties dated September 22 and 23, 2005 indicate that the parties were still arguing over outstanding discovery issues after the discovery period ended. Notably, in an e-mail dated September 23, 2005, Plaintiff's counsel stated to defense counsel: "I will expect your amended interrogatory answers next week [Defendant had agreed to provide verifications for interrogatories previously filed and to supplement its answers to Interrogatory No. 2]. Those amended answers should also address the issue raised at pages 28 and 29 of the depositions of Tracy Rudolph. When I receive your amended answers I will decide whether a motion to compel discovery is needed." On page 29 of Mr. Rudolph's deposition, Plaintiff's counsel stated to Mr. Rudolph, with reference to Defendant's Response to Interrogatory 1(b), that Plaintiff's counsel was "trying to . . . identify the documents to which this response refers." Rudolph deposition, p. 29. Mr. Rudolph replied "I do not know." Id. The following conversation then occurred between counsel:

> [Plaintiff's counsel]: Counsel, I couldn't find any documents among the production responsive to that.

7

> [Defendant's counsel]: You are presupposing that there are documents, counsel. There may not be any.
>
> [Plaintiff's counsel]: Well, if there are no documents, then this should be amended to say there are no documents. Your amendment doesn't say that either."
>
> [Defendant's counsel]: "Take that under advisement."

Id.

On September 28, 2005, Defendant provided Plaintiff with a verification and a supplemental interrogatory answer to Plaintiff's Interrogatory No. 2(d).

Meanwhile, on September 27, 2005, Plaintiff filed a Motion for Partial Summary Judgment on Counts 1 and 2. (Doc. #16). On the same day, Defendant filed a motion for summary judgment. (Doc. #17). Since September 27, 2005, the parties have filed numerous papers that this Court will not elaborate upon other than to state that the number of briefs, responses and motions filed since September 27, 2005, number in excess of twenty documents. Including in this multitude of filings was the pending Motion to Compel Discovery, which was filed on November 1, 2005 (Doc. #50).

Taking all of this information into account, the Court finds support for both parties' positions. In support of the Defendant's position that Plaintiff's Motion is untimely is that discovery ended almost 2 months before this Motion to Compel was filed and cross-motions for summary judgment have been filed and briefed extensively. In support of Plaintiff's position is that Plaintiff's counsel raised its perceived inadequacy of Defendant's response at Rudolph's August 24, 2005 deposition and the Court interprets defense counsel's response, "take it under advisement," to mean that he would take the objection under advisement and get back to Plaintiff's counsel with a response. Weighing both sides, the Court finds that justice is best served if Plaintiff's position prevails. Plaintiff's Motion to Compel Discovery with respect to

Interrogatory No. 1(b) and any supporting documentation as requested in Plaintiff's First Request for Production of Documents No. 1, is answered is not untimely filed and will be considered on its merits.

### 2. Adequacy of Defendant's responses to Interrogatory 1(b) and Request No. 1.

Defendant takes the position that it provided adequate discovery regarding Interrogatory No. 1(b) relating to how Defendant came to use EC22, citing to Electralloy's amended answer to this Interrogatory and the deposition testimony of Mr. Rudolph. Defendant's Opposition Memorandum, pp. 6-8. What this argument ignores is that Defendant's original response to this Interrogatory was: "[s]ubject to the entry of a suitable protective order, Defendant will produce responsive, non-privileged documents and information." Additionally, its response to Plaintiff's Request for Production of Documents No. 1, which asked for "All documents and things that were identified in answer to, and/or provide a factual basis for the statements made in response to, Plaintiff's First Set of Interrogatories, Nos. 1-12," was that "responsive documents, if any, will be made available for inspection and copying at Blank Rome LLP." Defendant shall either produce such documentation or tell Plaintiff that it does not have any such documentation in its possession. Defendant shall comply with this Opinion within fourteen (14) days of the date of the Order of Court accompanying this Opinion.

## V. The parties' requests for attorney fees.

Both sides having articulated viable positions with respect to Plaintiff's Motion to Compel Discovery, both Plaintiff's and Defendant's requests for attorney fees are denied.

## VI. Conclusion.

Plaintiff's Motion to Compel Discovery with respect to Interrogatories 2(a) and 2(d) and any supporting documentation as requested in Request for Production of Documents No. 1 is

denied without prejudice for the Plaintiff to file another motion to compel discovery if it is established that Defendant is liable to Plaintiff for damages. Plaintiff's Motion to Compel Discovery with respect to Interrogatory 1(b) and any supporting documentation as requested in Request for Production of Documents No.1 is granted. Plaintiff's and Defendant's requests for award of attorney fees are denied. The following Order therefore is entered:

## ORDER

AND NOW, this 14th day of December, 2005, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiff Haynes International's Motion to Compel Discovery (Doc. # 50) is GRANTED IN PART AND DENIED IN PART:

(1) said Motion is GRANTED as to Interrogatory 1(b) and any supporting documentation as requested in Request for Production of Documents No.1. Within fourteen (14) days of the date of this Order, Defendant shall either produce the necessary documentation or tell Plaintiff that it does not have any such documentation in its possession;

(2) said Motion is DENIED WITHOUT PREJUDICE as to Interrogatories 2(a) and 2(d) and any supporting documentation as requested in Request for Production of Documents No. 1; and

(3) said Motion is DENIED to the extent Plaintiff sought an award of attorney fees.

It is furthered ORDERED that Defendant's request for attorney fees is also DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Judge