IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAYNES INTERNATIONAL, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) Civ. No. 04-197E ) |
| ELECTRALLOY, a Division of G.O. Carlson, Inc., a Pennsylvania Corporation, | ) ) ) ) ) |
| Defendant | ) |

## MEMORANDUM ORDER

Pending before the Court are Defendant's Motion to Strike the First, Second and Third Declarations of Paul Manning [Docs. Nos. 36, 40 and 47]. The Plaintiff has filed responses stating its opposition to the three motions to strike. See Document Nos. 44 and 54 .

The bases for all of Defendant's motions to strike the Declarations of Paul Manning are that: (1) the Manning Declarations are not based on personal knowledge; (2) the Manning Declarations do not constitute evidence that would be admissible at trial; and (3) Manning is not competent to testify to the statements therein. See Defendant's Motion to Strike the Third Declaration of Paul Manning in Support of Plaintiff's Motion for Partial Summary Judgment, pp. 1-2. In response, Plaintiff argues that "the Manning Declarations meet all of the requirements of Federal Rule of Civil Procedure 56(e), namely: (1) they are based on Dr. Manning's personal knowledge and experience; (2) they set forth facts that would be admissible at trial; and (3) Dr. Manning is clearly competent to testify to the statements contained therein at trial." See Plaintiff's Opposition to Defendant's Motions to Strike the Declarations of Paul Manning, p. 3.

Fed.R.Civ.P. 56(e) is at the heart of Defendant's three motions to strike. Rule 56(e) provides as follows: "[s]upporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Notably, if a court finds a motion to strike meritorious as to any matter in the affidavit/declaration, the Court may strike that specific matter, but consider the remainder of the affidavit/declaration. See Deary v. Evans, 570 F.Supp. 189, 193 n. 6 (D.Vi.1983). Moreover, "personal knowledge of a matter included in an affidavit under Rule 56(e) may be based not only upon knowledge gained through one's sensory perceptions, but through a review of records of the matter in question." Khodara Environmental II, Inc. v. Chest Tp., 2007 WL 3146745, *1 (W.D. Pa. Oct. 26, 2007), citing, Washington Central Railroad Co. v. National Mediation Board, 830 F.Supp. 1343, 1353 (E.D. Wash.1993). Thus, an affiant's "review of records as indicated in his affidavit may also be the basis of this knowledge rather than hearsay." Id.

We decline to add an extra layer of analysis to our resolution of the pending motions for summary judgment by conducting a separate paragraph-by-paragraph analysis of the three Manning Declarations. Rather, where Plaintiff has cited to a statement in a Manning Declaration as support either for its motion for partial summary judgment or its opposition to Defendant's motion for summary judgment, if it is necessary to a resolution of the summary judgment motions to determine whether such statement comports with the requirements of Fed.R.Civ.P. 56(e), then the Court will do so within the body of its opinion on the motions for summary judgment.

AND NOW, this 2nd day of September, 2008, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Electralloy's Motions to Strike the First, Second and Third Declarations of Paul Manning [Docs. Nos. 36, 40 and 47] are DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge